[Civ. No. 4280. Second Appellate District, Division One.—September 27, 1924.]

## RUTH M. BEKINS et al., Appellants, v. ELLA SMITH TRULL, Respondent.

[1] RES JUDICATA — JUDGMENT IN UNLAWFUL DETAINER ACTION — NOT BAR TO ACTION TO QUIET TITLE TO REAL PROPERTY.—A judgment in an action of unlawful detainer wherein the sole question in issue is the right to the possession of the real property described in the complaint is not a bar to an action to determine the title to the real property involved in the former action.

[2] ID. — JUDGMENTS — GENERAL RULE — DISTINCTION IN CASE OF UNLAWFUL DETAINER ACTION — POSSESSION — TITLE. — While it is a general rule that where a judgment-roll in the first action shows that a defense, good as to the second action, was passed upon by the court in the first action and there determined in favor of one of the parties and against the other, the judgment in the first action is a final and conclusive defense to the second action, a distinction is made regarding a judgment of unlawful detainer for the reason that in an action of unlawful detainer the court is without jurisdiction to try any issue, except that involving the possession of real property, and, therefore, any judgment rendered by such a court in such an action cannot affect the title to said real property, nor is any finding of fact by the court, rendering

---

1. See 15 Cal. Jur. 855, 874.

judgment in the action for the possession of real property, *res adjudicata* between the parties in a subsequent proceeding wherein the issue involved is the title to said real property.

[3] UNLAWFUL DETAINER—NATURE AND PURPOSE OF PROCEEDING.—The action of unlawful detainer is a statutory proceeding and is governed solely by the provision of the statute creating it, it having been designed for the purpose of providing a speedy and summary remedy to determine the right to the possession of real property in only the cases specified in the statute.

[4] ID.—PLEADING—ISSUES.—In an action of unlawful detainer no cross-complaint or counterclaim is permitted, and no issue can be raised regarding the rights of the parties to the real property save the single one of the right to possession at the time of the commencement of the action.

[5] ID.—JUDGMENTS.—A judgment rendered in an unlawful detainer action can have no broader application than the proceeding itself, and the latter being confined solely to the one issue of possession, judgments rendered therein cannot be extended to include other matters.

---

(1) 26 **C. J.**, p. 870, sec. 152.   (2) 26 **C. J.**, p. 814, sec. 40, p. 870, sec. 152; 34 **C. J.**, p. 921, sec. 1329.   (3) 26 **C. J.**, pp. 811, 812, sec. 39.   (4) 26 **C. J.**, p. 812, secs. 39, 40, p. 841, sec. 90.   (5) 26 **C. J.**, p. 870, sec. 152.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. P. Wood, Judge.   Reversed.

The facts are stated in the opinion of the court.

John H. Miller for Appellants.

R. D. McLaughlin and J. B. McLaughlin for Respondent.

CURTIS, J.—This action was instituted by the plaintiffs to obtain a decree terminating the life tenancy of the defendant in a certain lot and two-story house erected thereon, the legal title to which stood in the name of plaintiff Ruth M. Bekins, and to have it further decreed that the said Ruth M. Bekins held the title to said real property in trust for the plaintiffs Martin Bekins and I. H. Preston, in the

---

3.   Unlawful detainer, note, 120 **Am. St. Rep.** 32. See, also, 15 **Cal. Jur.** 848.

4.   See 15 **Cal. Jur.** 865.

proportion of an undivided seven-eighths to said Martin Bekins and an undivided one-eighth to said I. H. Preston, and that the defendant be required to vacate and deliver up the possession of said premises to the plaintiffs. It was alleged in the complaint that defendant had violated and broken the conditions upon which her right of possession depended, and that by reason of said breach by defendant of said conditions, she had forfeited all right to the use and possession of said real property. The action was tried upon plaintiff's fifth amended and supplemented complaint and defendant's answer thereto. The complaint was not verified, and the answer contained, besides a general denial, four separate and affirmative defenses. The first of these, alleging the nonjoinder of defendant's husband as a party defendant in said action, is not involved in this appeal. In the second affirmative defense defendant alleged that the plaintiff Ruth M. Bekins holds the legal title to said real property in trust for defendant; that prior to October 20, 1913, defendant was engaged in certain Christian and religious work in the city of Los Angeles; that the plaintiffs Martin Bekins and I. H. Preston professed to be greatly interested in the work being done by defendant, and to aid and assist her in carrying on said work, they purchased said real property for the defendant and induced her to take possession thereof and to erect a chapel thereon for the purpose of conducting religious services; that, induced wholly by said promises and representations that they had purchased said property for defendant, she moved thereon and expended various sums of money in the erection of said chapel and in the improvement and repair of the dwelling-house thereon; that said real property prior to its purchase by the said Martin Bekins and I. H. Preston stood in the name of Emil Schultz and wife, who were the owners in fee thereof, and that on or about the twentieth day of October, 1913, the said Martin Bekins and I. H. Preston, for the sole use and benefit of the defendant, paid to the said Emil Schultz and wife the sum of four thousand dollars, the purchase price and consideration therefor in full, and thereupon said Emil Schultz and wife, by grant deed, for the purchase price and consideration so paid by them for defendant, conveyed said real property to said Ruth M.

Bekins, and that said Ruth M. Bekins has ever since held and still holds the naked title to said property as trustee for said defendant. Defendant then proceeded to allege in her third affirmative defense that on December 5, 1916, the plaintiffs, through the said plaintiff Ruth M. Bekins, instituted an action against said defendant to recover possession of said real property; that defendant filed an answer to plaintiff's complaint therein, in which defendant alleged, by way of an affirmative defense, the same facts as are contained in her second affirmative defense herein; and that thereafter, on the trial of said action, the court found all of the allegations of the complaint of plaintiff in said action untrue and all of the allegations of the answer of defendant therein to be true, and rendered judgment in favor of the defendant and against the plaintiff therein. In her fourth affirmative defense in the present action defendant pleads that the plaintiffs are estopped by the judgment rendered in the former action from disputing any of the allegations of fact contained in defendant's affirmative defense, and which were found by the court to be true, and from introducing any evidence in opposition or contrary to said facts, or any of them.

Upon the trial of the present action, and upon the motion of the defendant, the defense of estoppel interposed by the defendant was first considered by the court, and after the admission of the judgment-roll and files in the former action, and the stipulation of the parties that the first action was prosecuted by the plaintiff Ruth M. Bekins for and in behalf of all the plaintiffs in the present action, and with their knowledge and consent, the court found in favor of the defendant upon her said plea of estoppel, and renderd judgment in her favor. By said judgment it was decreed that plaintiffs take nothing by said action; that plaintiff Ruth M. Bekins holds the legal title to said real property in trust for the defendant and not otherwise; that the defendant is the rightful and equitable owner in fee of the real property described in the complaint; that Ruth M. Bekins execute and deliver to defendant a good and sufficient deed of conveyance of said real property, and that the title of defendant to said real property be quieted against plaintiffs and each of them. From this judgment plaintiffs

have appealed, but since the perfection of said appeal the said I. H. Preston has dismissed said appeal in so far as the same applies to him.

There were two trials of said former action. The first resulted in a judgment in favor of plaintiff Ruth M. Bekins, but on appeal this court reversed said judgment, on the ground that the undisputed evidence of the plaintiff showed that the defendant was vested with a life estate in said real property, and that "It may be that the condition upon which defendant's right to the possession of the property depends has been broken and that the plaintiff is entitled to have the estate of the defendant declared forfeited. If so, it must be done in some proceeding other than that brought to secure the summary remedy afforded by the code to a landlord whose tenant has breached some condition of his lease." (*Bekins* v. *Smith,* 37 Cal. App. 222 [174 Pac. 96].) After the reversal of said judgment the action was again set for trial. The plaintiff, although notified of the day of trial, was not present. The trial referred to by the defendant in her third affirmative defense was the second trial of said action, and the judgment which is herein pleaded as an estoppel was the judgment rendered at said second trial.

[1] The only question involved in this appeal is: Were the plaintiffs estopped in the present action from proving their case by the judgment rendered in the former action? The first action, as we have already seen, was an action of unlawful detainer, and the present action is one in the nature of an action to quiet title. In the first action the sole question in issue was the right to the possession of the real property described in the complaint. (*Felton* v. *Millard,* 81 Cal. 540 [21 Pac. 533, 22 Pac. 750]; *Knowles* v. *Murphy,* 107 Cal. 107 [40 Pac. 111].) In the present action the question in issue is the title to said real property. It has been repeatedly held in this state that a judgment in an action of unlawful detainer is not a bar to an action to determine the title to the real property involved in the former action. (*Martin* v. *Bartmus,* 189 Cal. 87–91 [207 Pac. 550]; *Fish* v. *Benson,* 71 Cal. 428 [12 Pac. 454]; *Kirsch* v. *Smith,* 64 Cal. 13 [27 Pac. 942].) "Since an action of forcible entry or unlawful detainer involves merely the rights of

possession and not title, the judgment is not an estoppel as to the latter.'' (15 Cal. Jur., sec. 206.) ''Judgments in actions of forcible entry and unlawful detainer are, to the same extent as judgments in other actions, conclusive upon the questions within the issues and determined by the court or confessed by the parties. The title to the property is never in issue in these actions, and therefore, the judgment, whether for plaintiff or defendant, cannot affect the title.'' (Freeman on Judgments, 4th ed., sec. 302a.)

Respondent relies upon the cases of *Williams* v. *Mac-Donald,* 180 Cal. 546 [182 Pac. 29], and *Estate of Clark,* 190 Cal. 354 [212 Pac. 622]. These cases hold in effect that, where the judgment-roll in the first action shows that a defense, good as to the second action, was passed upon by the court in the first action and there determined in favor of one of the parties and against the other, the judgment in the first action is a final and conclusive defense to the second action. [2] This is undoubtedly the general rule, but evidently a distinction is made regarding a judgment of unlawful detainer. The reason for this distinction appears to be that in an action of unlawful detainer the court is without jurisdiction to try any issue, except that involving the possession of real property, and, therefore, any judgment rendered by such a court in such an action cannot affect the title to said real property. Nor is any finding of fact by the court, rendering judgment in the action for the possession of the real property, *res adjudicata* between the parties in a subsequent proceeding wherein the issue involved is the title to said real property. [3] The action of unlawful detainer is a statutory proceeding and is governed solely by the provision of the statute creating it. It was designed for the purpose of providing a speedy and summary remedy to determine the right to the possession of real property in the cases specified in the statute. It cannot be used for any other purpose than those enumerated therein. [4] No cross-complaint or counterclaim is permitted in such an action. (*Chase* v. *Peters,* 37 Cal. App. 358 [174 Pac. 116]; *Arnold* v. *Krigbaum,* 169 Cal. 143 [Ann. Cas. 1916D, 370, 146 Pac. 423].) No issue can be raised in such action regarding the rights of the parties to the real property save the single one of the right to possession

at the time of the commencement of the action. "The very object the legislature had in view in enacting the statute under which the appellants were proceeding was to afford a summary and adequate remedy for obtaining possession of premises withheld by tenants in violation of the covenants of their lease, and this object would be entirely frustrated if tenants were permitted to interpose every other defense usual or permissible in ordinary actions at law." (*Phillips* v. *Port Townsend Lodge*, 8 Wash. 529, 36 Pac. 476; *Arnold* v. *Krigbaum, supra.*) [5] Being thus limited in its scope and purpose, a judgment rendered in such an action can have no broader application than the proceeding itself, and the latter being confined solely to the one issue of possession, judgments rendered therein cannot be extended to include other matters. Perhaps no better illustration, indicating the narrow limits to which an action of unlawful detainer is confined, can be found than the very case of *Bekins* v. *Smith*, 37 Cal. App. 222 [174 Pac. 96]. It was there held, as we have already seen, that the evidence showed that the defendant therein had an estate for life in the real property in controversy, but if she had broken the conditions upon which her right of possession was held and thereby forfeited her estate, these matters could not be litigated in an action of unlawful detainer, and the court in express language stated that it would be necessary for the plaintiff in said action to institute some different proceeding if she proposed to show a breach of this condition. We might say in passing that it would indeed be a strange anomaly in the law for this court, after deciding in the former case of *Bekins* v. *Smith* that plaintiff could not litigate the validity of the title to the real property in said action, now to hold that plaintiffs are estopped by a subsequent judgment, rendered by the trial court in said former action, from litigating the very issue which the court held could not be considered in the previous action.

We therefore conclude that the plaintiffs in this action were not estopped by the judgment in the former action from proving the allegations of their complaint.

The judgment in said action in favor of defendant and against plaintiffs, Ruth M. Bekins and Martin Bekins, is reversed.

Conrey, P. J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 21, 1924.