[S. F. No. 14521.   In Bank.—February 6, 1932.]

A. C. McLEAN et al., Respondents, v. RAE FREIBERGER, Appellant.

Rae Freiberger, *in pro. per.*, for Appellant.

V. Lewis Kaye and Fernhoff & Sevier for Respondents.

THE COURT.—Appellant's application for a writ of *supersedeas* has been before the court upon several petitions, which have been denied. ■ Section 4 of article

VI of the Constitution provides that the Supreme Court shall have appellate jurisdiction on appeal from the superior courts in all cases of equity, except such as arise in municipal or justices' courts; "also in all cases at law which involve the title or possession of real property". Section 4b of that article provides that District Courts of Appeal have appellate jurisdiction on appeal from the superior courts, "except in cases in which appellate jurisdiction is given to the Supreme Court", in all cases at law in which the superior courts are given original jurisdiction; also, in all cases of forcible or unlawful entry or detainer, "*except such as arise in municipal, or in justices' or other inferior courts*". (Italics added.) The appeal in such cases lies to the superior court. (Const., art. VI, sec. 5.)

Petitioner takes the position that the quoted clause of section 4, *supra*, confers exclusive jurisdiction upon the Supreme Court; but her case having arisen in the justice's court is, by the preceding clause of said section, expressly excepted. The two clauses must be read together. By section 4b, *supra*, her case having arisen in the justice's court cannot be appealed to the District Court of Appeal. It would be an anomalous thing for the Constitution to confer appellate jurisdiction of a cause arising in the justice's court upon the Supreme Court and withhold jurisdiction from the District Court of Appeal. It would be contrary to the theory of appeals which has been recently remodeled. We think no such absurdity was intended. Section 964 of the Code of Civil Procedure, upon which petitioner relies, is an old section passed before the adoption of the present system affecting appeals. The superior court alone had appellate jurisdiction in petitioner's case.

The petition is denied. In due course, the attempted appeal to this court must be dismissed.