[Civ. No. 8881. First Appellate District, Division Two.—April 26, 1933.]

MAUD HEWITT, Petitioner, v. JUSTICE'S COURT OF BROOKLYN TOWNSHIP, etc., Respondent.

A. J. Hennessy for Petitioner.

Wm. M. Thornton and Breed, Burpee & Robinson for Respondent.

DOOLING, J., *pro tem.*—This is a proceeding by way of prohibition to test the jurisdiction of a justice's court to try an action for the possession of real property under section 1161a of the Code of Civil Procedure. This section was added to the code in 1929 and, so far as material here, provides:

"In either of the following cases, a person who holds over and continues in possession of real property, after a three day written notice to quit the same, shall have been served upon him, or if there is a subtenant in actual occupation of the premises, also upon such subtenant, as prescribed in section 1162 of the Code of Civil Procedure, may be removed therefrom as prescribed in this chapter. . . .

"3. Where the property has been duly sold in accordance with section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by him, or a person under whom he claims, and the title under the sale has been duly perfected."

Brooklyn Township, Alameda County, in which the respondent justice's court is located, has a population of over 30,000. Section 112 of the Code of Civil Procedure was recast by the legislature in 1929 to provide in part:

"The justices' courts shall have jurisdiction as follows:

"1. In cities, cities and counties, towns and judicial townships, having a population of thirty thousand or more, said

courts shall have original jurisdiction . . . of all actions of forcible or unlawful entry or detainer where the rental value is one hundred dollars or less per month, and where the whole amount of damages claimed is one thousand dollars or less . . . ''

Prior to the recasting of section 112 in 1929 justices' courts had concurrent jurisdiction with superior courts in certain actions of "forcible entry and detainer" under section 113 of the same code. Concurrently with the recasting of section 112 in its present form, however, section 113 was repealed.

In the action wherein the respondent court is sought to be prohibited from proceeding, a complaint was filed by San Jose Pacific Building and Loan Association, as plaintiff, against petitioner herein, as defendant, to recover possession of certain real property in Brooklyn Township. The complaint counted on a purchase by plaintiff at a trustee's sale under a deed of trust given by petitioner to secure the payment of a promissory note, and alleged the rental value of the property to be $65 per month.

The question thus presented is this: Is a proceeding to recover possession of real property by a purchaser under a deed of trust against the maker of such deed an action "of forcible or unlawful entry or detainer", so as to give a justice's court jurisdiction under section 112 of the Code of Civil Procedure?

In a very well-considered opinion in *American National Bank of Santa Monica* v. *Johnson,* 124 Cal. App. (Supp.) 783 [11 Pac. (2d) 916], the Appellate Department of the Superior Court of Los Angeles County answered this question in the affirmative. We are satisfied with the conclusion there arrived at and refer to that opinion as correctly answering the question here presented, without unduly lengthening this opinion by quoting therefrom.

Petitioner herein attacks the reasoning of that court, however, on the ground that in order to maintain an action for unlawful detainer the conventional relation of landlord and tenant must exist. Since the remedy is purely statutory, and no constitutional inhibition intervenes, the question whether unlawful detainer actions shall be extended to cover cases where the conventional relation of landlord and tenant does not exist is a legislative and not a judicial

question. Because in their legislative inception such proceedings were limited to cases where that conventional relation existed does not at all prevent the legislature from extending the remedy to other cases if it sees fit to do so. Indeed, for many years the proceedings in unlawful detainer provided for by section 1161 of the Code of Civil Procedure have been so extended. The original unlawful detainer statute in California gave the right of action only to "the landlord" and in *Reay* v. *Cotter,* 29 Cal. 168, the court held that a vendee of the landlord could not maintain such an action unless the tenant had attorned to him, since the right was limited to the conventional landlord alone. The statute was subsequently amended to provide, as section 1161 of the Code of Civil Procedure now does, that the action might be maintained by the landlord "or the successor in estate of his landlord". Under this amendment the courts found no difficulty in holding that the landlord's successor in estate could maintain the action, although the conventional relation of landlord and tenant did not exist between the tenant and the landlord's successor. (*Plummer* v. *Agoure,* 20 Cal. App. 319 [128 Pac. 1014] ; *Wayland* v. *Latham,* 89 Cal. App. 55 [264 Pac. 766].)

▇ Petitioner also contends that title to real property is involved in this action and the justice's court cannot try such title. Section 838 of the Code of Civil Procedure since 1880 has contained the following proviso: "provided, that in cases of forcible entry and detainer, of which justices' courts have jurisdiction, any evidence, otherwise competent, may be given, and any question properly involved therein may be determined".

In *Reay* v. *Cotter, supra,* the court said : "Where the conventional relation of landlord and tenant exists the law does not permit the latter to dispute the title of the former. He is estopped by his lease. Hence in such a case the landlord is not required to make proof of his title, but he may rest upon the lease and proof of a compliance on his part with the provisions of the act touching a demand for the possession. In such a case title is not and cannot be made a question. Where, however, the conventional relation of landlord and tenant does not exist, the latter is not so estopped, there being no privity between him and the plaintiff,

and he may deny the title of the latter, and put him upon the proof of his reversionary estate. . . .

"In the present case the plaintiff, by his own showing, is not the conventional landlord. He is an entire stranger to the lease under which, as he alleges, the defendant holds. At the time the lease was executed he had no estate in the premises and no interest in the reversion. On the contrary, his estate has come to him since that time by purchase, and the defendant has not since such purchase attorned to him or in any manner recognized him as his landlord. Hence, before he can recover, he must prove his purchase from the defendant's lessor, by the production of a deed sufficient in law to pass the estate, and must prove its execution and delivery; or, in other words, he must prove his title, which is precisely what he is not allowed to do in this form of action."

Thus it was expressly held at the time when the right to maintain unlawful detainer was limited by the statute to "the landlord" that the landlord's successor in estate could not maintain the action because in such a case he must prove his title. But with the extension of the right to maintain such action to the landlord's successor in estate the courts followed the statute even though to the limited extent of proving that the successor had acquired the landlord's title, a question of title was necessarily involved. (*Plummer* v. *Agoure, supra; Wayland* v. *Latham, supra.*)

In other jurisdictions the right to maintain an unlawful detainer action has long been given to a purchaser under a mortgage or deed of trust against the mortgagor or maker of the deed of trust, despite the fact that the purchaser must prove his acquisition of title by the purchase. (*Gage* v. *Sanborn,* 106 Mich. 269 [64 N. W. 32]; *Peters* v. *Balke,* 170 Ill. 304 [48 N. E. 1012].) It is clear, of course, that questions of title cannot generally be litigated in an unlawful detainer action. But to the limited extent of proving deraignment of title in the manner expressly provided for in the unlawful detainer statutes themselves the question of title not only may, but must, be tried in such actions if the provisions of the statutes extending the remedy beyond the cases where the conventional relation of landlord and tenant exists are not to be judicially nullified.

The question of another action pending is one not yet passed upon by respondent court. If, after the decision of that question by respondent court, a question of excess of jurisdiction is presented, petitioner will then have her remedy. Before the question is passed upon by respondent court it would be premature for us to consider it.

We conclude that under sections 1161a, 112 and 838 of the Code of Civil Procedure the respondent court has jurisdiction of the action here in question.

The alternative writ of prohibition is discharged and a peremptory writ denied.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 26, 1933, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1933.