[S. F. No. 14940. In Bank.—August 25, 1933.]

BERKELEY GUARANTEE BUILDING AND LOAN ASSOCIATION (a Corporation), Respondent, v. JAMES R. CUNNYNGHAM et al., Appellants.

H. H. McPike for Appellants.

J. S. Hutchinson, Robinson, Price & MacDonald for Respondent.

THE COURT.—Respondent has moved to dismiss the appeal in this cause. The action was one in unlawful detainer under the provisions of section 1161a of the Code of Civil Procedure, filed in the Justice's Court of Brooklyn Township, Alameda County. Judgment was rendered in favor of plaintiff and against defendants. On appeal to the Superior Court of Alameda County, the judgment was affirmed and *remittitur* was issued on May 9, 1933. Defendants thereupon gave notice of appeal to the Supreme Court from the judgment of the superior court. The motion

is to dismiss this appeal on the ground that the judgment of the Superior Court of the County of Alameda affirming the judgment of the justices' court was final. The motion must be granted.

The Constitution, article VI, sections 11a and 13, provides that the legislature shall determine the jurisdiction of the inferior courts of the state. Section 76 of the Code of Civil Procedure, as it read when this action was filed, gave the Superior Court jurisdiction in civil cases and proceedings except cases and proceedings in which jurisdiction was given by law to municipal or to justices' or other inferior courts. Under section 112 of the same code, it is provided that justices' courts in townships having a population of thirty thousand or more shall have jurisdiction of actions of forcible or unlawful entry or detainer where the rental value is one hundred dollars or less per month and where the whole amount of damages claimed is one thousand dollars or less. The foregoing provisions establish the jurisdiction of the Justices' Court of Brooklyn Township in this cause.

Neither the District Court of Appeal nor the Supreme Court has appellate jurisdiction in such a cause. (Const., art. VI, secs. 4, 4b.) If it be contended that the title to real property is involved in this action, and the justices' court cannot try such title, the exact question has been but recently decided contrary to the contention. (*Hewitt* v. *Justices' Court of Brooklyn Township*, 131 Cal. App. 439 [21 Pac. (2d) 641].) As to the finality of the decision of the Superior Court on appeal, from the justices' court, see *Johnston* v. *Wolf*, 208 Cal. 286 [280 Pac. 980]; *McLean* v. *Freiberger*, 215 Cal. 1 [7 Pac. (2d) 1023].)

The application for *supersedeas* heretofore submitted is denied. The motion to dismiss the appeal is granted.