[L. A. No. 15731. In Bank.—June 29, 1937.]

NANCY McMAHON CHENEY, Respondent, v. GUSTAV O. TRAUZETTEL et al., Appellants.

Edwin J. Miller for Appellants.

Fred A. Wilson and Wilson & Coughlin for Respondent.

LANGDON, J.—This is a proceeding in unlawful detainer brought under section 1161a of the Code of Civil Procedure by the purchaser at a sale under a deed of trust. Defendants answered and cross-complained, setting up a claim of title and several other defenses, including the pendency of a quiet title suit between the parties involving the same property. The trial court, on motion of plaintiffs, struck out the cross-complaint and special defenses, and gave judgment for plaintiff. Defendants appealed.

The trial court properly held that in the summary proceeding in unlawful detainer the right to possession alone was involved, and the broad question of title could not be raised and litigated by cross-complaint or affirmative defense. (See *Arnold* v. *Krigbaum*, 169 Cal. 143 [146 Pac. 423, Ann. Cas. 1916D, 370] ; *Bekins* v. *Trull*, 69 Cal. App. 40 [230 Pac. 24].) It is true that where the purchaser at a trustee's sale proceeds under section 1161a of the Code of Civil Procedure he must prove his acquisition of title by purchase at the sale; but it is only to this limited extent, as provided by the statute, that the title may be litigated in such a proceeding. (*Hewitt* v. *Justice's Court*, 131 Cal. App. 439 [21 Pac. (2d) 641] ; *Nineteenth Realty Co.* v. *Diggs*, 134 Cal. App. 278 [25 Pac. (2d) 522] ; *Berkeley Guarantee Building & Loan Assn.* v. *Cunnyngham*, 218 Cal. 714 [24 Pac. (2d) 782].)

In the instant case the cross-complaint is in the usual form of a complaint to quiet title, under which pleading any question with respect to the title could be tried. The answer, in substance, sets up the defense that the sale was merely colorable, in pursuance of an agreement to effect a transfer of property to preserve it from execution at the hands of a judgment creditor; and that plaintiffs did not thereby acquire a valid title. But compliance with all the statutory requirements in respect of the conduct of the sale is admitted, and the only attack on the propriety of the sale procedure is based upon the provision in the deed of trust calling for payment in gold coin, which provision is, under the existing federal law, unenforceable. Irrespective of the merits of the defenses raised by the answer, the alleged equitable grounds of attack on plaintiff's title have no place in the present summary proceeding, for if such issues are permissible, the proceeding entirely loses its summary character. In our opinion the plaintiff need only prove a sale in compliance with the statute and deed of trust, followed by purchase at such sale, and the defendant may raise objections only on that phase of the issue of title. Matters affecting the validity of the trust deed or primary obligation itself, or other basic defects in the plaintiff's title, are neither properly raised in this summary proceeding for possession, nor are they concluded by the judgment.

■ It is also contended by defendants that the superior court had no jurisdiction to try the cause, because the damages alleged amounted to but $1,000, and the rental value of the premises was not alleged. If the rental value was $100 or less, then the class A justice's court would have jurisdiction. (Code Civ. Proc., sec. 112.) But the complaint made no such allegation, and nowhere in the record does the rental value appear. Defendants' position is therefore that the superior court lacked jurisdiction because the complaint did not affirmatively allege the facts establishing such jurisdiction. The rule is, however, that the superior court, as a court of record and general jurisdiction, is presumed to have jurisdiction over a particular cause. It is not necessary to plead affirmatively the facts showing jurisdiction, and lack of jurisdiction must be affirmatively shown. (See *Schwartz, Inc.*, v. *Burnett Pharmacy*, 112 Cal. App. (Supp.) 781 [295 Pac. 508]; *Ashton* v. *Heydenfeldt*, 124 Cal. 14 [56 Pac. 624].)

We express no opinion on the merits of the various issues which defendants have sought to raise. They may be properly presented in a separate action, but have no place in the summary proceeding in unlawful detainer. (*Bekins* v. *Trull, supra.*)

The judgment is affirmed.

Edmonds, J., Curtis, J., Shenk, J., and Seawell, J., concurred.

Rehearing denied.