[Civ. No. 13062. First Dist., Div. One. June 21, 1946.]

BARNEY HIGGINS, Respondent, v. LUCILLE COYNE. Appellant.

Jerome F. Macdonald for Appellant.

Owen D. Richardson for Respondent.

KNIGHT, J.—This is an appeal by defendant from a judgment rendered in the superior court in an action in unlawful detainer. The action was brought in a ''Class A'' justice's court and by that court, of its own motion, transferred to the superior court upon the ground that the answer raised an issue involving the title to real property. The cause was then tried in the superior court on the merits, and judgment was rendered in favor of plaintiff.

It is defendant's contention that the allegations of the answer did not have the effect of ousting the justice's court of jurisdiction; that it remained exclusively at all times within the justice's court, and that therefore the order of transfer and all subsequent proceedings had in the superior court, including the rendition of the judgment, are void. As pointed out by plaintiff, defendant made no objection to the superior court proceeding with the trial of the cause, but on the contrary actively participated therein by introducing evidence in support of the defense set up in the answer. The law is well settled, however, that if a court is wanting in jurisdiction to hear and determine an action it may not assume to exercise such jurisdiction, even though the parties consent thereto and actively participate in the trial. (7 Cal.Jur. 598.)

The action was based on section 1161a of the Code of Civil

Procedure, which is incorporated in chapter 4, title 3, part 3, relating to actions in forcible entry and unlawful detainer. The pertinent provisions of the section read: ''In either of the following cases, a person who holds over and continues in possession of real property, after a three-day written notice to quit the same, shall have been served upon him, or if there is a subtenant in actual occupation of the premises, also upon such subtenant, as prescribed in Section 1162 of the Code of Civil Procedure, may be removed therefrom as prescribed in this chapter. . . . 3. Where the property has been duly sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by him, or a person under whom he claims, and the title under the sale has been duly perfected. . . .'' The actions authorized by the foregoing section may be brought either in the superior court or in the justice's court, according to the amount of the rental value of the property and the damages claimed. (*American Nat. Bank* v. *Johnson,* 124 Cal.App. Supp. 783 [11 P.2d 916].)

Section 112 of the Code of Civil Procedure declares: ''Justices' courts shall have original jurisdiction of civil cases and proceedings as follows: 1. Justices' courts of Class A shall have original jurisdiction: (a) In all cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to one thousand dollars ($1,000) or less, except cases at law which involve the title or possession of real estate or the legality of any tax, impost, assessment, toll or municipal fine; (b) In all proceedings in forcible entry or forcible or unlawful detainer where the rental value is one hundred dollars ($100) or less per month, and where the whole amount of damages claimed is one thousand ($1,000) dollars or less, and in such proceedings any competent evidence may be given, and any question properly involved therein may be determined; . . .'' The remaining subdivisions are not here involved.

In the present action plaintiff alleged that he was the owner and entitled to the possession of the real property described in the complaint; that he was the successor in interest of E. C. Ketcham; that the latter purchased the property at a trustee's sale held pursuant to a power of sale contained in a trust deed executed by H. J. Woody as trustor, and naming Ketcham as beneficiary; and that title to the property had been perfected by the execution and delivery of a trustee's deed which was filed for record in the recorder's office and

recorded on September 7, 1943. It was further alleged that the statutory three day notice to quit had been given, and that the rental value of the property was thirty dollars a month; that on account of defendant's holding over and continuing in possession plaintiff had suffered damages in the sum of ten dollars, and will continue to suffer rental loss in the sum of one dollar a day. The relief asked for was the restitution of the premises, ten dollars damages, one dollar a day for the use of the premises, and that the damages be trebled.

Defendant's answer denied plaintiff's ownership and right of possession; and she alleged that she was the sole owner thereof. She admitted that there was a "purported" sale of the property in accordance with section 2924 of the Civil Code; but she denied that the deed of trust pursuant to which the sale was made was ever executed by Woody. The answer then goes on to allege "that the purported deed of trust . . . was never signed by the said H. J. Woody, or anyone owning or having an interest in said real property; that all proceedings for the sale of said real property pursuant to the terms of said purported deed of trust were, and are, invalid and void." The prayer of the answer was that plaintiff take nothing by his action and that defendant be dismissed with costs. In addition to the facts alleged in the pleadings it appears from the record on appeal that the trust deed was dated April 15, 1940; that it was recorded on April 18, 1940; that the trustee's sale took place on August 23, 1943; that Ketcham became the purchaser, and that on February 26, 1945, he conveyed the property by grant deed to plaintiff. It also appears that defendant's claim of title was based on the admitted fact that Woody conveyed the property to her in 1940, by deed, "subject to all liens"; and that the deed was recorded in 1942.

Defendant's contention that the justice's court was not ousted of jurisdiction to hear and determine the action must be sustained. (*Hewitt* v. *Justice's Court*, 131 Cal.App. 439 [21 P.2d 641]; *Cheney* v. *Trauzettel*, 9 Cal.2d 158 [69 P.2d 832].) As will be noted, the last clause of subdivision 1(b) of section 112 declares that "in such proceedings [in forcible entry or forcible or unlawful detainer] any competent evidence may be given, and any question properly involved therein may be determined"; and in the two cases last cited it was held that while under such a clause the broad question of title cannot be raised or litigated by cross-complaint or affirmative defense

in an unlawful detainer proceeding, an issue of title may be tried to the limited extent stated in those two cases. In this regard the court in the Hewitt case said: "It is clear, of course, that questions of title cannot generally be litigated in an unlawful detainer action. But to the limited extent of proving deraignment of title in the manner expressly provided for in the unlawful detainer statutes themselves the question of title not only may, but must, be tried in such actions if the provisions of the statutes extending the remedy beyond the cases where the conventional relation of landlord and tenant exists are not to be judicially nullified." The decision in that case received the approval of the Supreme Court in *Berkeley G. B. & L. Assn.* v. *Cunnyngham,* 218 Cal. 714 [24 P.2d 782]. The Hewitt case involved the section 838 of the Code of Civil Procedure which was repealed in 1933. Nevertheless, the decision in that case is in point here for the reason that the particular language used in section 838, which the court there construed, is the same as that embodied in the last clause of section 1(b) of section 112.

In the second case, *Cheney* v. *Trauzettel, supra,* the defendant sought to maintain a cross-complaint setting up his own title in opposition to the plaintiff's, and the trial court struck out the cross-complaint. In affirming the trial court's ruling the Supreme Court said: "The trial court properly held that in the summary proceeding in unlawful detainer the right to possession alone was involved, and the broad question of title could not be raised and litigated by cross-complaint or affimative defense. (See *Arnold* v. *Krigbaum,* 169 Cal. 143 [143 P. 423, Ann.Cas. 1916D, 370]; *Bekins* v. *Trull,* 69 Cal.App. 40 [230 P. 24].) It is true that where the purchaser at a trustee's sale proceeds under section 1161a of the Code of Civil Procedure he must prove his acquisition of title by purchase at the sale; but it is only to this limited extent, as provided by the statute, that the title may be litigated in such a proceeding. (*Hewitt* v. *Justice's Court,* 131 Cal.App. 439 [21 P.2d 641]; *Nineteenth Realty Co.* v. *Diggs,* 134 Cal.App. 278 [25 P.2d 522]; *Berkeley Guarantee Building & Loan Assn.* v. *Cunnyngham,* 218 Cal. 714 [24 P.2d 782].)''

█ In support of the order of transfer plaintiff relies largely on the exception set out in the last clause of subdivision 1(a) of section 112. An examination of section 112 makes it clear, however, that subdivision 1(a) pertains only to "all cases at law in which the demand, exclusive of interest, or

the value of the property in controversy, amounts to one thousand dollars ($1,000) or less . . .''; whereas subdivision 1(b) of section 112 deals exclusively with ''proceedings in forcible entry or forcible or unlawful detainer. . . .'' Therefore it would amount to a distortion of the language of both subdivisions to hold that the exception noted in subdivision 1(a) applied to the class of proceedings specified in subdivision 1(b). Furthermore, it is evident that if it were held in accordance with plaintiff's contention that justice's courts, in unlawful detainer cases, are precluded from receiving any evidence whatever of title, such holding would be in direct conflict with the law as laid down in the Hewitt and Cheney cases, and to that extent would render the last clause of subdivision 1(b) of section 112 meaningless. It should be mentioned also that it has been repeatedly held that a judgment in an action in unlawful detainer is not a bar to an action to determine the title to the real property involved in the former action. (*Bekins* v. *Trull*, 69 Cal.App. 40 [230 P. 24], cited in the Cheney case, *supra*.)

Plaintiff further contends that the jurisdiction conferred upon the justice's court by subdivision 1(b) of section 112 is an ''original'' jurisdiction only, and not ''exclusive'' jurisdiction, and that therefore by virtue of section 5 of article VI of the Constitution the superior court is given concurrent jurisdiction with justice's courts in actions brought under section 1(b). There is no merit in the contention. (*Holm* v. *Davis*, 8 Cal.App.2d 328 [47 P.2d 537].) In the case just cited the court states: ''It is settled that in such cases [falling within the provisions of subdivision 1(b) of section 112] the jurisdiction of such justice court would be original and exclusive. (*Shipp* v. *Superior Court*, 209 Cal. 671 [289 P. 825]; *Larson* v. *Du Bain*, 135 Cal.App. 433 [27 P.2d 393].)''

In the present case, therefore, since plaintiff alleged that his title to the property was deraigned and perfected through proceedings had under a power of sale contained in a trust deed, the defendant, under the law laid down in the Hewitt and Cheney cases, was entitled to challenge the legality of those particular proceedings and to have that limited issue tried and determined in the justice's court.

It is true, as plaintiff argues, that defendant incorporated in her answer allegations indicating that she was attempting to go behind those proceedings and attack the

validity of the deed itself upon the ground that the signature of the trustor attached thereto is a forgery, which obviously in the present action she is not permitted to do, for by so doing she would open up the broad question of the title to the property. But even so, the inclusion of those objectionable allegations did not have the effect of ousting the justice's court of jurisdiction to hear and determine the issues raised by her answer concerning the legality of the sale proceedings had under the trust deed because very properly the justice's court could order the objectionable allegations of the answer stricken out (*Cheney* v. *Trauzettel, supra*) or exclude any evidence offered in support thereof (Code Civ. Proc., § 112, sub. 1(b)), and thereby restrict the trial to the legitimate issues of fact.

The judgment of the superior court is reversed, with directions to retransfer the cause to the justice's court to be tried and determined in accordance with the law as laid down in the Hewitt and Cheney cases.

Peters, P. J., and Ward, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 19, 1946. Carter, J., and Schauer, J., voted for a hearing.