[Civ. No. 13466. First Dist., Div. One. July 21, 1947.]

LUCILLE COYNE, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent.

Jerome F. MacDonald for Petitioner.

Owen D. Richardson for Respondent.

PETERS, P. J.—Petitioner seeks by this proceeding in mandamus to compel the Superior Court of Santa Clara County to quash a writ of "restitution," and to issue its writ restoring petitioner to possession of certain real property. The alternative writ was issued upon the averment in the verified petition that the desired relief had been requested of and denied by the trial court. It now appears that no such demand was made in the trial court. This failure to seek relief in the first instance in that court, it not appearing that such demand would be futile, would alone be sufficient ground upon which to deny the application for the peremptory writ. But, inasmuch as such holding would not finally dispose of the case, and inasmuch as we are of the opinion that the entire proceeding is now moot, we prefer to place our holding on that ground rather than upon any procedural point.

The facts are as follows: Barney Higgins brought an unlawful detainer action against Lucille Coyne in a Class "A" justice's court. That court, of its own motion, upon the ground that the answer raised an issue involving the title to real property, transferred the cause to the superior court. That court rendered judgment for Higgins and ordered Coyne to deliver possession of the real property to him. It issued a writ of possession, Coyne was evicted, and the successors in interest to Higgins given possession. They took possession with actual notice of the claims of Coyne. Coyne appealed. This court, on June 21, 1946, reversed the judgment of the superior court on the ground that the justice's court had jurisdiction of the controversy and was not ousted of such jurisdiction by the allegations of the answer. (*Higgins* v. *Coyne,* 75 Cal.App.2d 69 [170 P.2d 25].) The necessary implication of the opinion is that the superior court had no jurisdiction of the controversy. The order of this court reads (p. 75):

"The judgment of the superior court is reversed, with directions to retransfer the cause to the justice's court to be tried and determined in accordance with the law as laid down in the Hewitt and Cheney cases." The Supreme Court denied a hearing, and, in due course, the remittitur issued. It is to be noted that this court failed to order the trial court to quash the writ of possession under which Coyne had been evicted. It was upon the allegation that such relief had been demanded of and denied by the trial court that the alternative writ issued. It was our belief then that, since the superior court had no jurisdiction, its writ of possession was void, and that since a void order had been used to evict Coyne it was the duty of the court that issued the void order to right the wrong it had committed, and that it should quash the void writ. Such is no doubt the law. (*Evans* v. *Superior Court*, 20 Cal. 2d 186 [124 P.2d 820].) It was our opinion then that, although this court had failed to direct specifically that the writ be quashed, the superior court retained jurisdiction to quash its void writ and restore the *status quo*, that such action would not violate the terms of the remittitur, and that the superior court should have granted such relief upon demand. But not only has the allegation of the petition that such demand was made been shown to be false, but events that have subsequently occurred demonstrate that it would now be a futile and useless gesture to compel the superior court to quash the writ.

The record shows that the superior court, pursuant to the remittitur of this court, on October 17, 1946, transferred the case back to the justice's court. The minutes of the court show that the attorney for Coyne made no objection to the order of transfer and that no request to quash the writ of possession was then made. This petition for a writ of mandate was filed April 3, 1947. The record further shows that the justice's court tried the case and issued its judgment in favor of Higgins on April 7, 1947. That fact was not disclosed to this court until the answer of the superior court was filed in this mandamus proceeding on May 2, 1947. The answer alleges that on April 7, 1947, the justice's court rendered its judgment in favor of Higgins and against Coyne decreeing that Higgins was entitled to the "possession and restitution of the premises . . . and that a writ of restitution issue therefor." At the oral argument in this court it was stipulated that that judgment was then final, that no appeal was then pending, and that the time for appeal had elapsed. Thus there is a

final judgment that Higgins is entitled to the possession of the property. It would be a futile and useless gesture to order the superior court to quash its writ of possession and to restore Coyne to possession only to have her immediately evicted under the writ issued by the justice's court. For this reason the present proceeding is moot and should be dismissed.

The only argument of petitioner worthy of noting in opposition to this conclusion is that it was improper for the justice's court to retry the unlawful detainer suit when she, the petitioner, was not in physical possession of the property. What the theory of the justice's court was does not appear, and is not here involved. All we know is that there is a final judgment entitling Higgins to possession. That judgment is not void on its face. It is a final judgment. Coyne cannot collaterally attack that judgment in this proceeding. That being so, the controversy over the superior court writ is now moot.

The alternative writ is discharged and the petition for a peremptory writ is denied.

Ward, J., and Bray, J., concurred.

A petition for a rehearing was denied August 20, 1947, and the following opinion was then rendered:

THE COURT.—In the opinion in this case it is stated that no demand was made by petitioner upon the superior court for the relief requested, and that the averment in the petition to the contrary was not true. Such statement was based on the facts as disclosed by the record then before us, and is in accordance with such record. The record shows that on October 17, 1946, the superior court transferred the case to the justice's court. The minutes of the court show that counsel for petitioner then made no objection to the order of transfer and that on that date and prior thereto no request to quash the writ of possession was or had been made. Based on these facts, this court pointed out that the averment in the petition for a writ of mandate that relief had been requested of the trial court was not supported. Counsel for petitioner, in his petition for rehearing, strenuously objects to the implication that he filed a petition containing a false averment and contends that his admission that the averment was not supported made on oral argument was simply for purposes of argument, it being his contention that no demand was necessary. He attaches to his petition for rehearing an affidavit of his client

filed in the superior court on October 18, 1946 (the day after the superior court had transferred the case to the justice's court), in which affidavit, among other things, the affiant requests that the writ of possession be quashed. It thus appears that the averment in the petition for a writ of mandate that such relief had been demanded of the superior court is in accordance with the facts, as now for the first time disclosed to us. But this does not require that the petition for a rehearing be granted. The opinion heretofore filed was not based on the ground that relief had not been requested in the trial court but on the ground that the entire proceeding is moot, for reasons fully discussed in the opinion. Nothing said in the petition for rehearing has convinced us that such ground is not sound.

Petitioner's application for a hearing by the Supreme Court was denied September 18, 1947.