[Civ. No. 7679.   Third Dist.   Dec. 19, 1950.]

A. E. KELLIHER, Respondent, v. BESSIE L. KELLIHER, Appellant.

[Civ. No. 7696.   Third Dist.   Dec. 19, 1950.]

A. E. KELLIHER, Appellant, v. BESSIE L. KELLIHER, Respondent.

Forrest E. Macomber and Gordon J. Aulik for Plaintiff and Appellant.

Lafayette J. Smallpage and Harold J. Willis for Defendant and Appellant.

PEEK, J.—Upon petition of both parties, and because the appeal was heard originally before only two members of the court, a rehearing was granted and the cause set for reargument. After further consideration the court is convinced that the conclusion reached in our previous opinion properly disposes of the issues raised herein, and for that reason we adopt the opinion heretofore rendered except as modified herein:

The present controversy had its inception in an unlawful detainer action filed in the Justice's Court of O'Neal Township, San Joaquin County, by plaintiff, the divorced husband of the defendant.

By his complaint plaintiff alleged that on July 9, 1947, the defendant was the owner and occupant of certain described real property; that on said date she conveyed all of her right, title and interest in the said property to Raymond E. Kelliher [a son of plaintiff and defendant] who agreed to permit the defendant to remain in possession as a "tenant in sufferance" without the payment of rent; that on April 13, 1948, Raymond E. Kelliher and his wife conveyed the property to the plaintiff; that on June 2, 1948, the plaintiff served the de-

fendant with a three-day notice to surrender possession of the premises; that defendant refused to comply with said demand and that the monthly value of the rents and profits of the premises was the sum of $100. The complaint prayed for restitution of the premises and damages for the rents and profits of the premises. Defendant's general and special demurrer was overruled, whereupon she answered denying that she had conveyed all of her right, title and interest in the property to Raymond E. Kelliher, that he agreed to permit her to remain in possession as a tenant in sufferance without the payment of rent or that he was the owner of the property or entitled to the possession thereof and alleged that the monthly rental value of the rents and profits were in excess of $100. The remaining allegations of the complaint were admitted. In addition to the foregoing denials and admissions the answer alleged as an affirmative defense that on July 9, 1947, the defendant conveyed her interest in the property to Raymond E. Kelliher for the sole and specific purpose of enabling him to borrow funds by mortgaging the premises; that he allegedly agreed to reconvey the property immediately after the execution of the mortgage but that he breached the agreement by conveying the property on April 13, 1948, to the plaintiff herein, who allegedly had notice of the greement and that plaintiff gave no consideration therefor.

The case was tried in the justice's court and resulted in plaintiff's obtaining a judgment for the possession of the property, damages, and costs. Said court immediately thereafter issued a writ of restitution under which the defendant was evicted from the premises. Defendant then filed her notice of appeal from said judgment to the Superior Court in San Joaquin County, specifying therein that the appeal was taken on questions of both law and fact. Following the setting in the superior court, but prior to the determination on the merits, the defendant moved for a hearing on the question as whether or not on the facts the justice's court had jurisdiction to try the case in the first instance and whether or not the superior court had jurisdiction to try the case de novo. The motion was based upon the ground that the jurisdiction of the justice's court was limited by section 112 of the Code of Civil Procedure to actions wherein the rental value of the property is $100 per month or less and that while the complaint alleged that the rental value was $100 per month or less the defendant's answer denied the allegation. Said motion in addition stated that if the court should decide that the justice's

court lacked jurisdiction defendant would move that the case be dismissed upon the ground that the lack of jurisdiction precluded said court from trying the case on the merits, that the judgment of the justice's court be vacated and set aside and that a writ of restitution issue to restore defendant to possession.

At the conclusion of the hearing on the aforesaid motion the superior court reversed the judgment of the justice's court and directed the clerk of the superior court to remit the papers and documents in connection with the appeal to the justice's court. The order further directed the justice's court to suspend all proceedings in connection with the case and to transfer the case to the superior court together with all papers, documents, etc., in connection therewith, which was done.

The superior court thereafter granted permission to defendant to file an amended answer and cross-complaint and defendant did so. The amended answer in general contained the same admissions and denials as the previous answer, except that it alleged defendant's eviction from the premises under the writ of restitution issued by the justice's court, and as additional affirmative defenses alleged that the plaintiff failed to comply with Section 209 of the Housing and Rent Act of 1947, as amended by the Housing and Rent Act of 1948, and that a tenancy at will rather than a tenancy in sufferance was created by the parties which had not been terminated by the three-day notice.

Prior to the trial in the superior court upon the issues raised by the complaint and amended answer, the plaintiff moved said court for a summary judgment on the grounds that there was no defense to said action and there was no issue of fact involved. Defendant's affidavit in opposition thereto alleged that there were various issues of fact. The matter came on for a hearing before the court and at the conclusion thereof judgment was entered for plaintiff decreeing that he was entitled to the possession of the property plus damage and costs.

██ Defendant's first contention on appeal is based upon the proposition that since the justice's court had no jurisdiction the superior court on an appeal on questions of both law and fact was likewise without jurisdiction and therefore the latter court had no alternative but to dismiss the action.

In so contending defendant fails to distinguish the hearing on her appeal in the superior court and the subsequent hear-

230

ing which was an original proceeding in that court. In other words, while the jurisdiction of the superior court on appeal from the justice's court was properly raised on appeal in the superior court the rule contended for by defendant has no applicability to the present proceeding since it is an appeal from an original proceeding in the superior court. As stated in *Redlands etc. School Dist.* v. *Superior Court*, 20 Cal.2d 348-351 [125 P.2d 490]:

"After an appeal to the superior court from a judgment in a justice's court as provided in Code of Civil Procedure, sections 973-982, no further appeal to the higher courts of the state exists in cases such as the present one under our constitutional and statutory provisions. (Const. art. VI, §§ 4, 4b, 5; Code Civ. Proc., §§ 973-982; 6 Cal.Jur.10-Yr.Supp. 699-701.)"

██ Even if such were not the well established rule we cannot agree with defendant's contention that following the determination by the superior court of the jurisdictional question raised in her appeal from the justice's court that the superior court could only dismiss the proceeding. Such a contention is no less "circuitous, dilatory and vain" today than it was more than fifty years ago when the Supreme Court in the case of *Hart* v. *Carnall-Hopkins Co.*, 103 Cal. 132, 141 [37 P. 196], aptly applied those adjectives to a similar contention of the defendant and appellant therein. It may be added that the basis for the refusal of the court in the Hart case, as in the earlier case of *City of Santa Barbara* v. *Eldred*, 95 Cal. 378 [30 P. 562], to follow such an interpretation of section 838 [now section 396] of the Code of Civil Procedure, under which those cases were decided, is more controlling now than it was then. Especially is this true since that section has been supplemented by section 396 of the Code of Civil Procedure, and as the Code Commissioner's notes state, one of the principal reasons therefor was the elimination of any vestige of the excessively technical rule as contended for by defendant herein.

██ Since it is our conclusion that following the transfer back to the superior court that court could proceed to hear the cause as an original proceeding, it remains to be seen whether or not the granting of plaintiff's motion for a summary judgment was proper under the circumstances.

Plaintiff's affidavit in support of said motion narrated the allegations of his complaint, described with particularity the real property involved, referred to the transfer of his interest

therein subsequent to the filing of his action, and to the provisions of said transfer wherein he agreed to deliver possession to his grantees, incorporated by reference all "documents of conveyance and written agreements" on file in the proceeding, and concluded with the allegations that all of the facts set forth were true of his own knowledge and that he would so testify if called as a witness.

Defendant's affidavit in opposition merely alleged that it was untrue that there were no issues of fact, that to the contrary, her first amended answer raised "several issues of fact, and issues of law based upon issues of fact not referred to in the Affidavit of Plaintiff"; that she had a good defense to said action; and that she had personal knowledge of the facts set forth and would so testify if called as a witness.

As the Supreme Court stated in the recent case of *Coyne* v. *Krempels*, 36 Cal.2d 257, at page 261 [223 P.2d 244], a "Summary judgment for plaintiff is proper only if the affidavits in support of his motion state facts that, if proved, would be sufficient to sustain judgment in his favor, and defendant does not 'by affidavit or affidavits . . . show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact.'" (Code Civ. Proc., § 437 (c) ; See also *Hardy* v. *Hardy*, 23 Cal.2d 244 [143 P.2d 701] ; *Gardenswartz* v. *Equitable Life Assur. Soc.*, 23 Cal. App.2d Supp. 745, 750 [68 P.2d 322].)

Applying the rule as stated in the Coyne case to the situation presented herein, it becomes apparent the affidavits of plaintiff are insufficient. The record shows that his action was instituted under the provisions of section 1161a, subdivision 4, of the Code of Civil Procedure, which provides that a person in possession of real property may be removed "Where the property has been duly sold by him, or a person under whom he claims, and the title under the sale has been duly perfected."

Our examination of plaintiff's affidavit has disclosed no averment of fact relative to a sale of the premises by defendant as alleged in his complaint. Even if it be assumed that the phrase "documents of conveyance and written agreements" on file which plaintiff used to incorporate in his affidavit the instruments relative to his transaction with his grantees, was broad enough to include the agreement between his grantor and the defendant, nevertheless said affidavit would still be insufficient since that matter was not within plaintiff's personal knowledge and hence he could not give

competent testimony thereon. (See *Gardenswartz* v. *Equitable Life Assur. Soc., supra.*)

By reason of our conclusion that the plaintiff's affidavit is not "sufficient to sustain a judgment in his favor" (*Coyne* v. *Krempels, supra*), it becomes unnecessary to discuss at length the apparent insufficiency of defendant's affidavit "to present a triable issue of fact" (*Coyne* v. *Krempels, supra*).

While the broad question of title cannot be raised in an unlawful detainer action, it should be observed that to the extent required by said section 1161a, plaintiff must prove acquisition of title. Where, as here, the action is brought under subdivision 4 of said section 1161a, plaintiff must establish a sale of the property and a title perfected under such sale before recovery can be allowed. (*Hewitt* v. *Justice's Court*, 131 Cal.App 439 [21 P.2d 641]; *Nineteenth Realty Co.* v. *Diggs*, 134 Cal.App. 278 [25 P.2d 522]; *Cheney* v. *Trauzettel*, 9 Cal.2d 158 [69 P.2d 832]; *Higgins* v. *Coyne*, 75 Cal. App.2d 69 [170 P.2d 25]; *Berkeley Guar. B. & L. Assn.* v. *Cunnyingham*, 218 Cal. 714 [24 P.2d 782].)

By reason of our determination that under the circumstances the summary judgment was improper and that the cause must be remanded for further proceedings, it is unnecessary to discuss the questions raised by the defendant's remaining contention relative to the question of damages as being unauthorized and by plaintiff's appeal from the order retaxing costs.

For the foregoing reasons the summary judgment in favor of plaintiff is reversed, plaintiff's appeal from the order retaxing costs is dismissed, and the cause is remanded for further proceedings in accordance with the views herein expressed.

Adams, P. J., and Van Dyke, J., concurred.

A petition for a rehearing was denied January 18, 1951, and plaintiff and appellant's petition for a hearing by the Supreme Court was denied February 15, 1951.