[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
The defendant ITE Circuit Breaker Co., sold the plaintiff Pfizer, Inc., an electrical substation for use at Pfizer's factory in Groton. The original sale took place in 1964. (Defendant's Exhibit 4). On July 23, 1985, Richard King, an electrician performing maintenance work in the substation, was electrocuted when he touched an uninsulated component within the facility.
In a federal suit based on diversity of citizenship, the decedent's administratrix sued Pfizer, Inc. Pfizer then sought to implead ITE under the authority of Conn. Gen. Stat.52-577a(b) so that liability for the damages in the case could be apportioned as contemplated by Conn. Gen. Stat. 52-572a. The third-party defendant ITE moved for summary judgment, arguing that the 10 year statute of repose in Conn. Gen. Stat.52-577a(a) barred the suit on equipment installed in 1964. (Exhibit 4, p. 2). Third-party plaintiff Pfizer countered by pointing to the "useful safe life" exception to the statute of repose under Conn. Gen. Stat. 52-577a(a), arguing that such an issue was one of fact, precluding summary judgment.
The District Court (Nevas, J.), citing a threshold issue, the import of which apparently eluded all parties, noted that impleader under Conn. Gen. Stat. 52-577a(b) limits standing to implead under the statute to "a product seller." As Pfizer was not in the business of selling electrical substations, the court reasoned, it lacked standing under the statute to implead ITE (Exhibit 4, p. 4). Since Pfizer had no statutory standing to implead ITE, the court granted summary judgment to ITE on the statutory claim.
The present action was filed in state court by Pfizer on May 16, 1988, after Pfizer had settled the claim of the CT Page 1313 decedent's administratrix. (Complaint, para. 8). The defendant ITE moved for summary judgment on February 16, 1990, which motion was denied by this court on July 20. ITE now seeks an articulation of the reasons for that denial.
The ground for the defendant's motion for summary judgment here is that the present action is barred by res judicata, or estoppel by judgment. The plaintiff argues that res judicata does not apply in this case, as it is based on a different "cause of action" as that term is applied for these purposes.
 The doctrine of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation. Res judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits.
Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 401-02
(1988).
 The rules of res judicata are based on the public policy that "`a party should not be allowed to relitigate a matter which it already had had an opportunity to litigate.'" Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 364-65, 511 A.2d 333 (1986), quoting In re Juvenile Appeal (83-DE ), 190 Conn. 310, 318, 460 A.2d 1277 ( 1983).
 "The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." (Emphasis added; citations omitted.) Wade's Diary, Inc. v. Fairfield, 181 Conn. 556, 559, CT Page 1314 436 A.2d 24 (1980).
Letho v. Sproul, 9 Conn. App. 441, 443-44 (1987).
 A fundamental precept of common law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a `right, question or fact,' distinctly put in issue and directly determined by a court of competent jurisdiction. . .cannot be disputed in a subsequent suit between the same parties. . ."
Montana v. United States, 440 U.S. 147, 153 (1978).
 But one general limitation the court has repeatedly recognized is that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate that issue in the earlier case.
Allen v. McCurry, 449 U.S. 90, 95 (1980).
 Merits, judgment on. One rendered after argument and investigation, and when it is determined which party is in the right, as distinguished from a judgment rendered upon some preliminary or formal or merely technical or procedural point, or by default and without trial. A decision that was rendered on the basis of the evidence and facts introduced. Normally, a judgment based solely on some procedural error is not a judgment on the merits.
Black's Law Dictionary (5th Ed.), p. 757.
 [T]he achievement of substantial justice rather than symmetry is the measure of the fairness of the rule of res judicata.
Blonder-Tongue v. University Foundation, 402 U.S. 313, 325
(1970).
 A judgment will not be res judicata if it is not a final determination of the CT Page 1315 substantive rights of the parties, such as where a demurrer is sustained or a case is stricken from the docket for failure to prosecute.
Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 196 (1952).
 Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty or property in its most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. If any question of fact or liability be conclusively presumed against him, this is not due process of law.
Black's Law Dictionary (5th Ed.), p. 449.
The above authorities demonstrate that the doctrine of res judicata is available in those cases where a particular cause of action has been definitively decided by a competent court. Matters not properly raised in a judgment proceeding are not concluded by the judgment in that proceeding. Oheney v. Travzettel, 9 Cal.2d 158, 69 P.2d 832, 833 (1937). The purpose of the doctrine is to eliminate "the re-agitation by parties of controversies once submitted by them to a final adjudication." Fuller v. Metropolitan, 68 Conn. at 64. This has repeatedly been held to mean that "the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." Cromwell v. County of Sac, 94 U.S. 351,353 (1876). "This policy must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which to present its case." Nevavov v. Caldwell, 161 Cal.App.2d 762, 327 P.2d 111, 116 (1958).
The general principle relied on by the defendant ITE in this matter is enunciated at 19 of the Second Restatement of Judgments:
 19, Judgment for Defendant The General Rule of Bar
 "A valid and final personal judgment rendered in favor of the defendant bars CT Page 1316 another action by the plaintiff on the same claim.
The defendant claims that the summary judgment in the earlier product liability action precludes Pfizer from any subsequent claim based on the same facts. (Defendant's Memo in Support of Summary Judgment 126.00, p. 5). The defendant relied heavily at oral argument on the case of Duhaime v. American Reserve Life Ins., 200 Conn. 360, 363 (1986), wherein our Connecticut Supreme Court upheld a trial court ruling that a plaintiff's failure to bring a claim under Conn. Gen. Stat. 42-110(a) et. seq. ("CUTPA") at the same time as a contract claim worked to create an estoppel under the rule of res judicata as to a later CUTPA claim after the contract action was concluded. The court reasoned "that the CUTPA claim might appropriately have been joined with the plaintiff's previously litigated claim for breach of contract." Duhaime,200 Conn. at 363. Therefore, if the current claims by Pfizer could properly have been raised in the earlier federal action, and if the facts supporting such claims have been ruled on by Judge Nevas, the current action might properly be barred by res judicata under Duhaime.
Of course, it is manifest that neither proposition is supported by the record or the applicable law. As to the first: could the claims now advanced by Pfizer have been raised in the earlier action? It is inarguable that res judicata can not be invoked to extinguish claims that could not possibly have been brought in the original action. Lawlor v. National Screen Service, 249 U.S. 322, 328 (1954).
"[T]he products liability statute provides an exclusive remedy and the plaintiffs cannot bring a common law cause of action for a claim within the scope of the statute." Daily v. New Britain Machine Co., 200 Conn. 562, 571 (1986). See also Comind, Comphania de Seguras v. Sikorsky Aircraft,116 F.R.D. 397, 419 (D.Conn. 1987) ("Pursuant to 52-572n(a). The plaintiff must plead its claims of negligence, warranty and strict liability as a single consolidated products liability claim."); Callucci v. Sears, Roebuck and Co., 585 F. Sup. 529,531 (D.Conn. 1984) ("[t]he adoption of the act preempted the field. . .a consolidated product liability claim was thus created and specified to include the varied theories on which such actions were usually brought prior to that time."). Therefore the plaintiff's current claims were not appropriate in the earlier product liability action. (While the earlier claim may have been erroneous due to the plaintiff's lack of standing, the inaccurate formulation of the statutory claim merits no severe sanctions, particularly since the defendant failed to perceive the standing problem as well, the court having noted the problem CT Page 1317 sua sponte. (Defendant's Ex. 4, p. 4).
As to the second proposition, that the defendant would be entitled to assert res judicata if the facts supporting the current claims had been definitely adjudicated in the earlier proceeding, the Ruling on the Third Party Defendant's Motion for Summary Judgment, (Defendant's Ex. 4, p. 5), is limited to a single issue: "[B]ecause Pfizer is not a product seller. . .and because there are no genuine issues of material fact in dispute, he is entitled to judgment as a matter of law." The court had earlier described some of the factual matters argued in the case but "[c]hose not to address these contentions." Id., p. 4. Thus the only fact which is precluded is that Pfizer is not a "product seller" under the Connecticut law, as relates to the substation. "[A] prior action that is terminated on a ground that is technical, where the merits are not brought into question and decided, will not be res judicata of the merits." Burleigh House Condominium v. Buchwald, 368 So.2d 1316, 1321
(Fla.App. 3d 1979).
The application of the doctrine of res judicata must comport with fundamental principles of due process. The earlier judgment is preclusive in this action only as to the issue of Pfizer's status as a seller of electrical substations. It does not preclude plaintiff's claims of (1) negligence; (2) plaintiff's standing as a "claimant" under Conn. Gen. Stat.52-572m; (3) contractual indemnification; and (4) common law indemnification.
Summary judgment for the defendant ITE based on res judicata is denied because the claims now advanced were not and could not have been properly brought in the earlier action wherein the only fact adjudicated related to plaintiff's standing under the product liability statute.
BALLEN, JUDGE