ISAAC ROFF *v.* C. P. DUANE, W. G. ROSS, DANIEL HARVEY, FREDERICK HOOD, DANIEL DONALDSON, JOHN A. KELLEY, DANIEL SWEENY, AND PATRICK H. OWENS.

RENTS AND PROFITS IN FORCIBLE ENTRY AND DETAINER.—As the right to the possession of the premises is not in issue in an action for forcible entry and unlawful detainer, if it is found that at the time of the alleged forcible entry the plaintiff had the actual and peaceable possession, and that the defendants unlawfully detained the premises, the plaintiff is entitled to recover the monthly rents and profits during the time of the unlawful detainer, without regard to the nature or extent of the right or title by which he held the possession.

EVIDENCE IN FORCIBLE ENTRY AND UNLAWFUL DETAINER.—If D. and H. are in the peaceable possession of a lot of land, and S. and S., accompanied by others—their employés—forcibly evict them therefrom and take possession, and then lease the lot to R., who enters into peaceable possession, and five days afterwards D. and H., with others, forcibly dispossess R. and take possession, and R. brings an action of forcible entry against them, D. and H. cannot introduce evidence of their prior eviction by S. and S. in defense.

EFFECT OF STATING PURPOSE OF EVIDENCE.—If a document is offered in evidence, and the party offering it states that he offers it for a particular purpose, it must be confined in its effect as evidence to the purpose expressed when it was offered.

A LEASE IN FORM NOT SIGNED BY THE LESSOR.—A lease in form, which contains the name of one person as lessor in the body of it, and is signed by another person, and also the lessee, is not a lease, nor is it admissible in evidence in an action of forcible entry and unlawful detainer on behalf of the nominal lessee, (the plaintiff in the action,) for the purpose of showing the extent of the property which the plaintiff claims he possessed.

ADMISSION OF ILLEGAL TESTIMONY.—If illegal testimony is admitted by the Court below, and the appellate Court cannot determine whether the finding of the Court below was based on this or other testimony in the case, the judgment will be reversed.

APPEAL from the County Court, City and County of San Francisco.

The complaint averred that on the 11th day of May, 1863, the plaintiff was and for a long time had been in the peaceable

possession of the land in dispute. Plaintiff testified that he went into possession on the 7th day of May, 1863, and was forcibly evicted by defendants on the eleventh of the same month. The instrument offered in evidence by plaintiff as a lease, was dated on the 7th day of May, 1863. It purported to lease the land to plaintiff for the term of one month from the 7th day of May, 1863. The action was commenced on the 27th day of May, 1863. October 19, 1863, the Court gave judgment for restitution of the entire tract of land, and for the monthly value of the rents and profits up to the day of rendition of judgment. The plaintiff testified on the trial that he went on to the premises in dispute under an agreement with Smith and Sullivan, but did not see or sign the paper purporting to be a lease, until the 9th day of October.

After plaintiff had rested, defendants' counsel called as a witness F. Hood, and offered to prove by him the following facts :

1. That the defendants, five or ten days prior to the alleged forcible entry in this suit, were in the quiet and peaceable possession and occupation of the premises described in the complaint in this action ; and while in such possession, E. L. Sullivan and Charles K. Smith, being the parties referred to by Roff in his testimony, forcibly entered, and forcibly evicted these defendants therefrom ; and also with force tore down and burnt the building by them occupied ; and that the building from which Roff was evicted was erected by Sullivan and Smith within twenty-five yards of the house so burned by them.

2. That said Sullivan and Smith employed and paid parties fifty dollars each per day for tearing down and burning said building, evicting these defendants and holding possession against them, and that such employés were fully armed with deadly weapons for that purpose.

The counsel for the plaintiff objected to such evidence upon the grounds that it was immaterial, irrelevant, and constituted no defense to the action.

The Court sustained the objections, to which ruling the counsel for the defendants excepted.

The other facts are stated in the opinion of the Court.

*Bennett, Cook & Clarke,* for Appellants.

The counsel for the plaintiff stated that he " only offered the paper purporting to be a lease in evidence for the purpose of showing the extent of the property which the plaintiff claimed he possessed." The right of the plaintiff (if any he had) extended only over the land of which he had *actual* possession. He could recover nothing by virtue of *constructive* possession. (*Plume* v. *Seward,* 4 Cal. 94 ; *Lawrence* v. *Fulton,* 19 Cal. 684, 690.) This lease would be admissible only by reason of its relevancy for one of two objects ; 1st—To prove title ; 2d—To enable the plaintiff to recover *beyond* the limits of his *actual* possession. It was not relevant or admissible for either of these purposes ; yet, by reason of its introduction, the plaintiff was enabled to recover to the extent of the boundaries therein specified, and far beyond any pretense of *actual* possession. Thus, this instrument was not only irrelevant, but its introduction has been positively prejudicial to the defendants.

The judgment for rents and profits is greater than the law authorizes. Roff, at the most, had the right of occupying the premises only for one month. The Court finds the monthly rents and profits to be twenty dollars. Roff's month commenced on the 7th day of May. It would terminate on the 7th of June. Yet the Court has given judgment for the rents and profits from the 11th of May to the 7th of October, being the sum of ninety-eight dollars. This sum of ninety-eight dollars the Court has trebled. This is manifestly all wrong. The plaintiff could have no claim for rents and profits after his interest or estate had ceased. According to the principle on which the Court rendered judgment, if the cause had not been " finally submitted " for five years, the Court would have gone on adding the monthly rents for the whole period, and then trebling the aggregate sum. Then Smith and Sullivan

could have brought their ejectment, and again recover the rents and profits from the 7th day of June, 1863, down to the time of judgment.

*Hoge & Wilson,* for Respondent.

The lease was clearly admissible for the purpose of showing the nature and character of the plaintiff's possession, whether peaceable or otherwise, and the extent of that possession. The validity of the lease cannot be tried in this form of action, as this Court has repeatedly decided, and particularly in the case of *McCauley* v. *Weller,* 12 Cal. 528, 529. Nor is it perceived what right a mere intruder or trespasser has to question the validity of a lease as between the person in possession of lands and the owner under whom he takes that possession, and whose right he acknowledges; and particularly when in this case the owners all recognize the relation of landlord and tenant, and the validity of the lease. It is not for the wrongdoer to question the validity of the lease. That is a matter entirely between the parties to the lease, and cannot be raised in this action. The paper in question was offered, as such documents always are, to show the possession, its character, and extent. It was done in the case already cited, and in many others, and, as we think, is eminently proper in cases like these. The very case cited by the counsel for the appellants, of *Mitchell* v. *Davis,* 23 Cal. 382, decides the very point in our favor. If it were otherwise, it would not avail the defendants, as the evidence was ample without it, and it could not possibly have done the defendants any injury.

By the Court, RHODES, J.

This is an action of forcible entry and detainer. The County Court, on appeal, found for the plaintiff, and the defendants appeal from the judgment and the order denying a new trial. Several of the grounds assigned by the defendants on their motion for a new trial—that the judgment is against the evidence; that the plaintiff was a mere servant or

hired man of Smith and Sullivan; and that the possession of the plaintiff was a mere scrambling possession—belong to the same general class and relate altogether to the weight or sufficiency of the evidence. The Court below found that the plaintiff was in the peaceable, actual and quiet possession of the premises, and that the defendants were guilty of the forcible entry and detainer complained of; and it is scarcely necessary to repeat that where there is any evidence of a fact in issue which is passed on by the Court below, and where the Court below has denied the motion for new trial based on the ground that the finding is contrary to the evidence, or to the weight of the evidence, or that the evidence is insufficient to support the finding, this Court will not reverse the order of the Court below, unless the order is manifestly an abuse of the legal discretion of the Court. The order in this case is not subject to that objection.

The defendants contend that the judgment for the rents and profits is greater than the law authorizes, because, they say, the plaintiff at most had the right of occupying the premises, according to his lease, only one month. The objection might be tenable if the object of the action was to determine the right to the possession of the premises, or to recover the rents and profits, the right to which depended on the right to the possession of the premises; but the right to the possession is not directly or incidentally in issue. The inquiry is, Had the plaintiff the actual and peaceable possession at the time of the forcible entry complained of? And if that issue and the unlawful detainer are found for the plaintiff the law awards to him the monthly value of the rents and profits during the time of the detention without regard to his right or title in the premises.

They make the further point, that the Court erred in excluding the evidence offered by them to prove that five to ten days prior to the alleged forcible entry they were in the peaceable occupation of the premises, and that Sullivan and Smith, the lessors of the plaintiff, forcibly entered and evicted them, and tore down and burnt the appellants' building, and

72

employed and paid persons therefor and for holding posses-
sion against them, the employés being armed with deadly
weapons for that purpose. Upon those facts, they were en-
titled to have instituted and maintained against Sullivan and ·
Smith an action for the forcible entry and detainer, or an action
of ejectment, if they had also the right of possession; but the
forcible entry upon the appellants did not authorize them to
seek redress by making a forcible entry upon the actual and
peaceable possession of another. It was the object of the
statute not only to prevent and punish the forcible entry of
those having no right of entry, but also of those who, having
a right of entry given by law, make entry "with strong
hand," or "with multitude of people." The forcible entry
of Sullivan and Smith is no justification of the forcible entry
of the appellants upon the respondent. If the evidence offered
had been admitted, it would not have constituted a defense to
the action, for in addition to the reasons already given, there
was no offer to show that the respondent participated in the
alleged forcible entry of Sullivan and Smith, and his privity
in estate with Sullivan and Smith would not render him directly
or indirectly liable for their wrongful acts.

The appellants also assign as error, the admission in evidence
of a document, purporting to be a lease of the premises to the
plaintiff for one month. In the body of the lease, Charles
K. Smith is described as the lessor, but it is not executed by
him, it being signed by E. L. Sullivan and the lessee. The
premises described in the lease, have the same name and num-
ber of acres and about the same boundaries as the tract de-
scribed in the complaint. The signatures to the lease were
admitted to be genuine signatures of Sullivan and the plaintiff.
The defendants objected to the lease being given in evidence
on the grounds : "1st—That it is incompetent, irrelevant and
illegal testimony ; 2d—That it was not a lease from Smith to
Roff; 3d—That it was not a lease from Sullivan to Roff; 4th
—That the paper in its body purported to be a lease from
Smith to Roff, and that Roff never executed it; and 5th—That
as a lease it was a nullity as between Smith and Roff." The

counsel for the plaintiff thereupon stated that he only offered the paper in evidence " for the purpose of showing the extent of the property which the plaintiff claimed he possessed." The defendants renewed their objections to the document offered for the purpose stated, and the Court overruled the objections and allowed it to be read in evidence, and the defendants excepted.

The plaintiff now insists that the lease was admissible " for the purpose of showing the nature and character of the plaintiff's possession, whether peaceable or otherwise, and the extent of that possession. If it was admissible for any purpose, it must be confined in its operation to the purpose expressed when it was offered. Is it admissible for that purpose? It evidently is not the lease of Smith, nor is it the lease of Sullivan, for Smith does not sign it, and Sullivan does not profess to make it. It does not amount to a lease, and is no more in substance than the document would have been if there had been a blank where Smith's name appears, and there had been no signature but that of the intended lessee. It thus becomes unnecessary to determine whether a lease made between Smith or Sullivan as the lessor, and the plaintiff as the lessee, would have been admissible as evidence to prove the extent of the premises claimed by the plaintiff, for the record does not present that question. The question is, in substance, whether a draft of a lease unexecuted by the lessor is competent evidence to prove the extent of the land claimed by the nominal lessee. The plaintiff did not enter under that document, nor did he profess to have done so, and he does not pretend to have seen it until several days after his entry on the lands. The point that the defendants, being wrongdoers, have no right to question the validity of the lease has no force, because the document is not in fact a lease. We are clear that the document was not admissible for the purpose for which it was offered, for a paper, in form a lease, to be executed by both lessor and lessee, but in fact executed by the lessee alone, does not tend to extend, limit or define the boundaries of the lands held or claimed by the nominal lessee. We cannot say that because

the remaining evidence was sufficient to authorize the Court to find for the plaintiff, therefore the error in admitting the lease became immaterial, for it is impossible for us to ascertain whether the Court found that the plaintiff was in the possession of the whole premises sued for or any part thereof, from the lease or from the other testimony in the case.

Judgment reversed, and the cause remanded for a new trial.

Mr. Chief Justice SANDERSON expressed no opinion.