[Civ. No. 7974. First Appellate District, Division Two.—November 24, 1931.]

PACIFIC STATES AUXILIARY CORPORATION (a Corporation), Respondent, v. FRED FARRIS, Appellant.

Leon French for Appellant.

John L. Mace for Respondent.

STURTEVANT, J.—From a judgment in favor of the plaintiff in an action for forcible entry and unlawful detainer the defendant has appealed.

In his first point the defendant claims the evidence was insufficient to sustain the findings, that the entering of the defendant and his holding were *forcibly* done. The property involved is a lot in Berkeley on which is located the Caledonia Apartments. The building contains many apartments. A former owner had obtained a loan on the property from Pacific States Savings and Loan Society and had executed a deed of trust to secure that loan. The trust deed named the plaintiff as trustee. Payments on the loan were in default and a notice of sale had been given. On September 12, 1930, B. N. Vernon was on the premises claiming to act as manager under and by virtue of a contract of employment at first for the former owner and later for the trustee named in the deed of trust. Mr. Vernon and his wife occupied one apartment and managed the house. On the date last mentioned the defendant took two other men, Mr. Diebert and Mr. Engleman, and all three went to the Caledonia at about 3:30 P. M. On arriving there the defendant exhibited a deed to the premises and asked Mr. Vernon for possession. The latter asked for time and left the house to call on his employer. When he returned the

defendant and his assistants had taken the most of Mr. Vernon's property out of his apartment and had set it out in the hallway. Mr. Vernon entered the house and told the defendant he could not have possession till the following morning. Continuing, he testified: "They were so insistent, however, that in lieu of any trouble . . . we called . . . the People's Express Company, and they took our belongings and personal things." On September 17, 1930, Mr. Green and Mr. Hilbeck, as representatives of the plaintiff went to the Caledonia. There they entered the apartment occupied by the manager and held an acrimonious conversation with the defendant. Finally the defendant said to them: "Now there is the door; get out of this apartment. I am not going to tell you to get out again." At about the same time the agent of the defendant called a policeman. But before the officer arrived Mr. Green and Mr. Hilbeck left. Considering all of this evidence together we think it cannot be said as a matter of law that it does not show a forcible entry and unlawful detainer within the meaning of the statute. (Code Civ. Proc., secs. 1159, 1160 and 1172; *Knowles* v. *Crocker Estate Co.*, 149 Cal. 278 [86 Pac. 715]; *San Francisco etc. Soc.* v. *Leonard*, 17 Cal. App. 257 [119 Pac. 405].) No flat breach of the peace is necessary. It is exactly such incidents the statute was enacted to obviate.

The defendant entered September 12, 1930. The judgment was entered September 29, 1930. The defendant ousted no tenant. He collected no rents. He had actual use of one apartment during that period and only constructive possession of the other apartments during that time. There was no evidence as to the rental value of the one apartment which he occupied and which had been occupied by Mr. Vernon. There was no evidence of expenses incurred. If evidence on any of these matters had been produced the damages therefor could have been awarded. (*San Francisco etc. Soc.* v. *Leonard*, 17 Cal. App. 254, 267 [119 Pac. 405].) In the absence of such evidence the most that could be done was to award nominal damages. (*Maher* v. *Wilson*, 139 Cal. 514, 518, 521 [73 Pac. 418]; 8 Cal. Jur. 735.) The power to fix the damages, compensatory or nominal, rests with the trier of the facts but that body may rest its determination on legal evidence only. (26 C. J. 862.)

The judgment is reversed on the issue of damages and the trial court is directed to again try that issue and then enter a judgment in accordance with this decision.

Nourse, P. J., and Spence, J., concurred.