[Civ. No. 17720. First Dist., Div. Two. Apr. 1, 1958.]

FRED KARP et al., Plaintiffs and Appellants, v. HARRY MARGOLIS et al., Defendants and Appellants.

Jerome L. Schiller for Plaintiffs and Appellants.

Harry Margolis, in pro. per., for Defendants and Appellants.

BRAZIL, J. pro tem.*—Both sides being displeased with the judgment, each has filed a separate appeal. To avoid confusion, reference to the parties will be that of plaintiffs and defendants as they appeared in the trial court, rather than as appellants and respondents.

In March 1953, plaintiffs borrowed $6,000 from defendants, which loan was secured by a deed of trust on a dry cleaning plant plaintiffs had built and were operating in Daly City. The plaintiffs having failed to make payments on the note as required, the trust deed was foreclosed and on September 1, 1954, the defendants bought the property on trustee sale and received a deed therefor. The plaintiffs were then operating the cleaning plant and were in actual possession of the premises until dispossessed by the defendants.

On Sunday afternoon, October 10, 1954, Mr. Margolis, his wife, three daughters, two friends and a couple of locksmiths took possession of the place without benefit of legal process. This was done in the absence of the plaintiffs and without previous notice of intention being given to them. The defendants did, however, notify the Daly City police, in advance, of what they were going to and did do. The place was entered with the help of a locksmith, who was brought along for that purpose, the defendants not having any keys to the building. The actual entry was made without any actual force, threats,

---

*Assigned by Chairman of Judicial Council.

intimidation, violence or injury, physical or mental, to any of the plaintiffs for none of them was there when it happened. The first plaintiffs knew what happened was about 1 o'clock the next morning when Mr. Karp telephoned the plant and found Mr. Margolis there. The defendants changed the locks, the combination of the safe, installed the burglar alarms, put a sign in the window, "No one is to be admitted to these premises without the permission of the owner, Harry Margolis," and with the aid of two or three guards effectively let the plaintiffs know that defendants were in possession to stay. The guards were kept on the premises for a week or 10 days, working in shifts. Before the entry, the defendants started to get the plaintiffs out in a legal manner by filing a complaint in unlawful detainer, which they apparently abandoned when a demurrer to the complaint in the municipal court was sustained. The trial court found that the Karps had not abandoned the property on October 10, 1954, and that defendants' entry was made at a time when plaintiffs were in peaceable possession.

Three days after the ouster, plaintiffs filed this action for forcible entry and detainer, seeking restoration of the place and damages. No claim is made in the complaint about damaging or taking any personal property which may have been in the building when it was taken over. Reasonable rental value is alleged to be $1,000 per month, and that is the amount the court found it to be, in line with a stipulation of the parties. After filing three memorandum opinions and correcting its original finding, judgment was entered in favor of plaintiffs for restitution of the premises, and nominal damages of $1.00 trebled to equal $3.00. The court impliedly found that the defendants owned the property during the period of detention and that plaintiffs were entitled to possession during the period of forcible detainer.

### Defendants' Appeal

Section 1159 of the Code of Civil Procedure defines forcible entry as follows:

"Every person is guilty of a forcible entry who either:

"1. By breaking open doors, windows or other parts of a house, or by any kind of violence or circumstances of terror enters upon or into any real property; or

"2. Who, after entering peaceably upon any real property, turns out by force, threats, or menacing conduct, the party in possession."

The judgment is in no way concerned with subdivision 2 of section 1159, sometimes referred to as dealing with "scrambling possession," for the plaintiffs were not present when defendants gained entry; and they made no physical attempt to get back in.

Defendants break subdivision 1 of section 1159 into two parts, reading it as if it applied to two kinds of structures, the first to a house, and the second to any other kind of building. They liken the word "house" to home, and say as the place entered is admittedly a commercial building, there was no forcible entry because there was no "breaking open doors, windows or other parts of a house." The argument is not without some logical basis, and may be a reasonable interpretation of the section. However, courts have always before now read this section as a whole without making any division of affected subjects as suggested by defendants. In each of the following cases there was no "breaking open doors, windows or other parts," each involved a commercial building and forcible entry was found to exist in each instance. *San Francisco etc. Soc.* v. *Leonard,* 17 Cal.App. 254 [119 P. 405] (business office); *Rutledge* v. *Barger,* 82 Cal.App. 356 [255 P. 537] (store building); *Pacific States Auxiliary Corp.* v. *Farris,* 118 Cal.App. 522 [5 P.2d 452] (apartment house); *Calidino Hotel Co.* v. *Bank of America,* 31 Cal.App.2d 295 [87 P.2d 923] (hotel) and *Pickens* v. *Johnson,* 107 Cal.App.2d 778 [238 P.2d 40] (tavern).

Defendants also say there can be no forcible entry here because they got possession in the absence of plaintiffs and so there was no violence or circumstances of terror. Forcible entry is not confined to cases where a fight takes place, or physical force or restraint is used, or there are threats of physical harm. In *Pickens* v. *Johnson* and *Rutledge* v. *Barger, supra,* entry was made by breaking locks, without any other show of force, threat or intimidation. Many more cases of like import could readily be cited. No flat breach of the peace is necessary (*Pacific States Auxiliary Corp.* v. *Farris,* p. 524, *supra*), the statute being enacted to obviate such incidents of self help as occurred here.

Defendants next assert there is no forcible entry as they were given permission to enter the place by a provision in the deed of trust in the event there was a default in payment of the note. The ready answer to this contention (and it is not the only one) is that the deed of trust no longer exist-

ed after the foreclosure sale; it had served its purpose before defendants broke the lock and took possession.

■ Finally defendants seek to avail themselves of the defense provisions of Code of Civil Procedure, section 1172, that ". . . [t]he defendant may show in his defense that he or his ancestors, or those whose interest in such premises he claims, have been in the quiet possession thereof for the space of one whole year . . ." In this, they confuse title with possession. Defendants acquired plaintiffs' title to the property by the trustee's deed, but they could not use the very possession they seek to disrupt as a basis of one year's quiet possession under the section as a defense for their actions.

The evidence supports the findings that there was no abandonment, no consent to the entry and that all necessary elements to establish a forcible entry and detainer were present.

PLAINTIFFS' APPEAL

■ Plaintiffs' complaint with the judgment is their dissatisfaction with the amount of damages awarded. As is said in Code of Civil Procedure, section 1172, ". . . the plaintiff shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or was entitled to the possession at the time of the forcible detainer . . ." They claim error in the receipt of evidence, over objection, of title and ownership of the property by the defendants at the time of the entry and during the period of forcible detainer. Plaintiffs cite many cases to the effect that a defendant may not show title or ownership in himself to justify a forcible entry or a forcible detainer. The trial court, however, did find in plaintiffs' favor on these two issues, despite the admission of evidence of title and ownership. It determined first that there was a forcible entry and second that there was a forcible detainer.

■ Because section 1172 requires that plaintiff "shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or was entitled to the possession at the time of the forcible detainer" does not mean that in addition to being put back in possession he is actually entitled to substantial damages without any further proof.

"It will not, of course, be denied that the plaintiff was entitled to show, if it could, under a complaint sufficient for that purpose, any damages occasioned to it by the forcible

entry and unlawful detainer complained of (Code Civ. Proc., § 1174)— that is to say, it was entitled to recover, if it could prove it under appropriate averments of its complaint, any damage that was the *natural* and *proximate consequence* of the alleged forcible or unlawful detainer. [Citations.] If, therefore, plaintiff could show that it had suffered the loss of rents through the acts complained of against defendants or had necessarily been put to expense in protecting its property while the defendants wrongfully and forcibly detained the same and by reason thereof, or that it had sustained loss by the cessation of the prosecution of its business during the period of the wrongful detention and by reason thereof, then all such facts would disclose proper items of damages . . .'' (*San Francisco etc. Soc.* v. *Leonard,* 17 Cal.App. 254, 266 [119 P. 405].) ·

The trial court admitted the evidence of title and ownership in the defendants, not to disprove plaintiffs' right to a judgment, but as evidence bearing on the question of how much damages plaintiffs suffered as the natural and proximate consequence of the forcible entry and the forcible detainer. It would also be admissible, in any case, for the limited purpose of assisting the court in exercising its discretion to treble the damages found to be due, as is provided in section 1174 of the Code of Civil Procedure.

*Stockton Morris Plan Co.* v. *Carpenter,* 18 Cal.App. 2d 205 [63 P.2d 859], *Haig* v. *Hogan,* 82 Cal.App.2d 876 [187 P.2d 426], and many others cited by the plaintiffs to establish that ''the reasonable rental value is the proper measure of damages'' do not in any instance involve a factual situation like the one we have here. In each case the plaintiff would have been entitled to the rent of the premises, and not as in this case where the plaintiffs would have to pay rent for the place to the owner as part of the cost of doing business. The right to possession belonged to plaintiffs until they were lawfully evicted and its worth (the loss of which would be compensable) was its value in use to them, which of course could exceed the reasonable rental value. However, in order to find out its value in use to them, there would have to be subtracted from the gross value whatever they would in any case be required to pay as rent. If this were not so, an evicted plaintiff would receive a windfall, and the owner, who acted illegally, would be penalized the amount of the rent in addition to the penalty of treble damages already allowed in Code of

Civil Procedure, section 1174. It would likewise make no difference whether the person forcibly kept from possession were an owner or a tenant, and it is obvious that the actual damages of such persons are not the same. The plaintiffs' contention on their measure of damages is not in harmony with Civil Code, section 3333, which provides ''For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.''

In the case of *Roff* v. *Duane* (1865), 27 Cal. 565, 569, the court does say in laying down a general rule: ''The inquiry is, Had the plaintiff the actual and peaceable possession at the time of the forcible entry complained of? And if that issue and the unlawful detainer are found for the plaintiff the law awards to him the monthly value of the rents and profits during the time of the detention without regard to his right or title in the premises.'' The Roff case has not ever been cited in California to support a rule that, as between an evicted plaintiff and a defendant owner, plaintiff is entitled to collect the rent from the owner by merely proving reasonable rental value of the premises. The factual situation in the Roff case so far as ascertainable from the opinion are not similar to those found to exist in this case.

The plaintiffs' further complaint that they were not allowed any damages for retention of their equipment or personal property is met with the simple answer that they never asked the trial court for such an award. A finding thereof would have found no support in the pleadings, nor did they ever ask leave of court to amend the pleadings in this regard. The only things they claimed by way of damages in the complaint upon which they went to trial were restitution of the premises and loss of use and occupancy. The only proof offered for such loss was establishing the reasonable rental value of the premises. As this is not a case of unlawful detainer and it is only a case of forcible detainer by an owner from one who was entitled to possession, reasonable rental value alone is not a measure of plaintiffs' actual damages.

Damages are usually classified as actual, exemplary or nominal. Lacking proof of actual damages, the most the court could do was to award nominal damages. (*Pacific States Auxiliary Corp.* v. *Farris*, 118 Cal.App. 522, 524 [5 P.2d 452].) ''When a breach of duty has caused no appreciable detriment

to the party affected, he may yet recover nominal damages." (Civ. Code, § 3360.) The court, in its discretion, was authorized by section 1174 of the Code of Civil Procedure to treble the amount which it found to be due.

Costs on appeal are not allowed to either party.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.