[Civ. No. 27932.   Second Dist., Div. Four.   Sept. 14, 1964.]

ROBERT C. HAASE, JR., et al., Plaintiffs and Appellants,
v. V. R. LAMIA, Defendant and Appellant.

Robert C. Haase, Jr., in pro. per., William P. Willman and Anderson, McPharlin & Conners for Plaintiffs and Appellants.

O'Connor & Wood and Timothy M. O'Connor for Defendant and Appellant.

JEFFERSON, J.—Plaintiffs brought this action in superior court to obtain specific performance of a land sale contract. Defendant interposed the defense of collateral estoppel, contending that issues vital to plaintiffs' action for specific performance had already been decided against plaintiffs in a prior action of unlawful detainer brought by defendant against plaintiffs in the municipal court. The superior court rejected the defense and decreed that the contract be specifically performed. Both defendant and plaintiffs appeal from the judgment, defendant contending that the prior municipal court judgment is a conclusive adjudication as to all issues actually litigated in that action, and further, that the agreement which the superior court has ordered to be specifically performed was not the agreement of the parties, but was created by the court; plaintiffs contending that the court erred in failing to award damages as an incident to the decree of specific performance.

The facts are undisputed: On August 7, 1961, the plaintiffs, Robert Haase, Jr., and his wife, as purchasers, and defendant, V. R. Lamia, as seller, executed a written agreement (in the form of escrow instructions), for the purchase and sale of a home then under construction by defendant, a general building contractor. Plaintiff Haase is an attorney and the nephew of defendant. On the same date, defendant also signed an indemnity agreement and a grant deed.

The contract of sale provided that defendant would complete the house and plaintiffs would pay defendant the sum of $42,500, payable as follows: $7,500 cash down payment

($2,500 of which was paid to defendant outside of escrow on August 7, 1961); assumption of the existing construction loan represented by a note secured by a first trust deed in the approximate amount of $25,000; and a purchase money note secured by a second trust deed in the approximate amount of $10,000. No real estate commission was involved.

At the time the escrow instructions were signed defendant was in financial difficulty. There were various liens and encumbrances against the property which were still in effect at the time this action was brought. A few weeks after entering into the agreement, defendant demanded all cash for the property and, on November 1, 1961, after plaintiffs had already agreed to and were in the process of arranging to borrow sufficient money to pay defendant in cash, defendant mailed plaintiffs a notice of rescission. On November 2, after receiving the notice of rescission, plaintiffs, in writing, again advised defendant that they were arranging for the necessary funds to pay defendant all cash through the escrow. On November 3, defendant replied, by letter, that the escrow "will be rescinded unless you are able as you assured Mr. O'Connor (defendant's attorney) and stated in your letter, that you would secure and pay me the balance of the purchase price in cash on or before November 15, 1961."

The escrow was not in a position to close on November 15, 1961.[1] Further attempts by plaintiffs to arrange for a closing of the escrow failed and, on December 15, 1961, plaintiffs took possession of the property. Still further attempts to close the escrow by January 15, 1962, were also unsuccessful. On the latter date, defendant mailed to plaintiffs a demand that they surrender the property to him.

On January 22, 1962, defendant filed a complaint for forcible entry and detainer against plaintiffs in the municipal court. The answer of plaintiffs, by way of affirmative defense, in effect alleged, that by virtue of the agreement of August 7, 1961 (as modified by the later correspondence between the parties), plaintiffs were the equitable owners of the property and therefore entitled to possession. On April 24, 1962, defendant obtained a judgment for and secured possession of

---

[1]The trial court found that the escrow did not close on November 15, because defendant had not completed the house by that date and had not arranged to clear various liens on the property; that plaintiffs, on the other hand, had arranged for the money due, and were, on November 15, 1961, and at all times thereafter, ready and able to fulfill their part of the agreement of August 7, as modified by the subsequent change in the terms of payment and closing date for the escrow.

the premises. Plaintiffs' appeal from this judgment, to the appellate department of the superior court, was not successful, the court declaring in its memorandum decision that plaintiffs forcibly gained access to and possession of the premises from defendant who was in possession by having a locksmith make a key which they utilized in entering. The court further declared that the evidence received as to title and ownership was admissible only for the limited purpose of assisting the court in exercising its discretion to treble the damages found to be due. (*Karp* v. *Margolis,* 159 Cal. App.2d 69, 75 [323 P.2d 557].) The within action, for specific performance of the contract, followed.

The trial court found that defendant failed to complete the house by November 15, 1961, without justification, and that plaintiffs were excused from tendering payment of the price because of defendant's failure to perform.

Defendant appeals from the court's decree that he shall "forthwith perform his agreement of August 7, 1961, as supplemented and modified by the agreement entered into by defendant with plaintiffs between November 1, 1961, and November 15, 1961, to deliver to plaintiffs on or before November 15, 1961, title to the property . . . for the total sum of $42,500 in cash.''

Defendant contends that the judgment for possession of the property secured by defendant in the municipal court is res adjudicata on facts and issues litigated and determined in that action. The municipal court in the unlawful detainer action made a number of "blanket" findings by making reference to certain paragraphs in both the complaint and the answer filed in that action, conjunctively finding the pleading to be true or untrue. Defendant argues that the municipal court, though not having the power to determine title to real property in the unlawful detainer action, did have jurisdiction to receive evidence of title on the issue of the equitable defense raised in plaintiffs' answer by way of an affirmative defense, and, having properly received such evidence, the findings based thereon should be held to be conclusive in the present action.

Plaintiffs, on the other hand, maintain that the findings and the judgment related only to the question of who was entitled to possession and to the question of damages, that the findings made decided no facts adverse to plaintiffs' right to specific performance. Plaintiffs further contend that, whatever the findings in that case, the municipal court did not

have jurisdiction to try any issue except as regards the possession of the property and, therefore, no finding made by it was res adjudicata in the instant action which involved the title to the property.

Plaintiffs' contention that the municipal court recognized its limited jurisdiction, intending its findings and judgment to relate only to the issue of the right to possession, finds support in the following portion of the record, wherein the court declared: "Then the only issue in this case is one, where [sic] the possesssions [sic] illegally taken by the defendant, and if they [sic] were not, what is the reasonable rental value of the property at the time you had possession."

We are in agreement with plaintiffs' position that whether the court actually intended to so limit its findings makes no difference to the outcome. The applicable law was summarized by the court in *Bekins* v. *Trull,* 69 Cal.App. 40, 45 [230 P. 24], as follows: "[I]n an action of unlawful detainer the court is without jurisdiction to try any issue, except that involving the possession of real property, and, therefore, any judgment rendered by such a court in such an action cannot affect the title to said real property. Nor is any finding of fact by the court, rendering judgment in the action for the possession of the real property, *res adjudicata* between the parties in a subsequent proceeding wherein the issue involved is the title to said real property." (See, also, *Cheney* v. *Trauzettel,* 9 Cal.2d 158, 159 [69 P.2d 832]; *Byrne* v. *Baker,* 221 Cal.App.2d 1, 5 [34 Cal.Rptr. 178].)

Further, it is clear that the municipal court had no jurisdiction to try any issue involving specific performance or rescission, because the value of the property exceeded the jurisdictional limits of the court. (Code Civ. Proc., § 89.)

Defendant argues that plaintiffs should not be permitted to maintain a position on this issue inconsistent with their position in the unlawful detainer action where they presented evidence concerning title as an equitable defense, asserting that it was admissible. But as the court said in *Higgins* v. *Coyne,* 75 Cal.App.2d 69, 70 [170 P.2d 25]: "The law is well settled, however, that if a court is wanting in jurisdiction to hear and determine an action it may not assume to exercise such jurisdiction, even though the parties consent thereto and actively participate in the trial. [Citation.]"

Defendant contends that the agreement which the trial court ordered specifically performed was not the agree-

ment of the parties, but was one created by the court. In this regard, defendant complains that the record does not support the court's finding that the original contract was modified between November 1, and November 15, 1961, to require defendant to convey title on or before November 15, in return for payment by plaintiffs of $42,500 in cash. The letters exchanged between plaintiffs and defendant on November 2 and November 3, however, clearly indicate that such a modification was agreed to by the parties. ■ These letters furnish sufficient compliance with the statute of frauds and Civil Code, section 1698. (*Realty Corp. of America, Inc.* v. *Burton,* 162 Cal.App.2d 44, 57-58 [327 P.2d 948].)

We conclude, as to plaintiffs' appeal on the issue of damages, that the trial court properly exercised its discretion in finding that plaintiffs were not entitled to damages as an incident to the decree of specific performance.

The judgment is affirmed.

Burke, P.J., and Kingsley, J., concurred.