[Civ. No. 1593. Fifth Dist. Nov. 28, 1972.]

MICHAEL AVINA, SR., et al., Plaintiffs and Respondents, v.
C. E. SPURLOCK et al., Defendants and Appellants.

## COUNSEL

T. N. Petersen and John E. Whiting for Defendants and Appellants.

Dorothy M. Washburn for Plaintiffs and Respondents.

## OPINION

**BROWN (G. A.), J.—**■ In this case the central issue is whether the trial court erred as a matter of law in awarding $501 as nominal damages. We have concluded that $501 is far in excess of the amount that can legally constitute nominal damages and modify the judgment accordingly.

The suit was commenced by the plaintiff tenants for wrongful eviction and wrongful detention of personal property from leased premises against the defendant landlords. The court, sitting without a jury, found the plaintiffs had been unlawfully evicted and that defendants unlawfully detained plaintiffs' personal property. The court further found:

"(6) No evidence of monetary damages suffered by plaintiffs was presented to the court. They did not rent other accommodations while there was some evidence of sixkness [*sic*], no mention was made as to cost of medical treatment. MICHAEL AVINA, SR., testified that he lost his job, but there was no evidence as to when he secured another.

"(7) There was no evidence as to the value of the personal property

removed from the premises by defendants nor was there evidence as to the reasonable value of its loss of use."

and concluded in pertinent part:

"(3) In the absence of evidence of damages the most that can be done is to award nominal damages. [Citation.] Under all of the circumstances, the court is of the opinion that nominal damages should be awarded to plaintiffs from defendants in the sum of $501.00.

"    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(5) The court is unable to award any damages for the retention of the personal property.

"(6) Punitive damages will be denied. [Citation.]"

The appeal is upon the judgment roll alone (Code Civ. Proc., § 670). No transcript of the evidence is before us. Accordingly, only matters appearing in the clerk's transcript are to be considered. Under these circumstances, the evidence is conclusively presumed to support the findings, including the finding that no compensatory damages, special or general, were suffered by respondents. (*Bristow* v. *Morelli* (1969) 270 Cal.App.2d 894, 896, 898 [76 Cal.Rptr. 203].) There are no persuasive indicators in the clerk's transcript that the judge by pointedly setting forth that the respondents suffered no damages intended to refer to only special damages or that the judge misused the term "nominal" damages to refer to general damages. The record is clear that the trial judge intended to award nominal damages only.

■ Nominal damages are properly awarded in two circumstances: (1) Where there is no loss or injury to be compensated but where the law still recognizes a technical invasion of a plaintiff's rights or a breach of a defendant's duty; and (2) although there have been real, actual injury and damages suffered by a plaintiff, the extent of plaintiff's injury and damages cannot be determined from the evidence presented. (Civ. Code, § 3360; *Sterling Drug, Inc.* v. *Benatar* (1950) 99 Cal.App.2d 393, 400 [221 P.2d 965]; *Gray* v. *Craig* (1932) 127 Cal.App. 374, 378 [15 P.2d 762, 16 P.2d 798]; Black's Law Dict. (4th ed. 1951) at p. 469.)

Whichever classification the nominal damages fall into, they remain *nominal*; the court can award no more than nominal damages when the proof of actual or punitive damages fails. (*Pacific States Auxil. Corp.* v. *Farris* (1931) 118 Cal.App. 522, 524 [5 P.2d 452]; *Karp* v. *Margolis* (1958) 159 Cal.App.2d 69, 76 [323 P.2d 557]; *Sterling Drug, Inc.* v. *Benatar, supra,* 99 Cal.App.2d 393, 400.) Because the trial court expressly found the damages awarded were nominal, as distinguished from actual or punitive, our inquiry is thereby restricted to determining if $501 is in excess of the amount that may be legally awarded as nominal damages.

Webster's Third New International Dictionary, Unabridged (1961), defines the word "nominal" as, ". . . being so small, slight, or negligible as scarcely to be entitled to the name: TRIFLING, INSIGNIFICANT. . . ."

*Davidson* v. *Devine* (1886) 70 Cal. 519, at page 520 [11 P. 664], defines nominal damages as, "By nominal damages is meant some trifling sum, as a penny, one cent, six cents, etc. [Citation.]"

■ With one exception, hereinafter referred to, an unbroken line of cases holds that nominal damages are limited to an amount of a few cents or a dollar. They should be no more than a few cents (*Maher* v. *Wilson* (1903) 139 Cal. 514, 520 [73 P. 418]); ". . . one hundred dollars is a substantial recovery and does not come within the definition of nominal damages" (*Broads* v. *Mead & Cook* (1911) 159 Cal. 765, 769 [116 P. 46]); $100 cannot be allowed as nominal damages (*Chowchilla National Bank* v. *Nilmeier* (1927) 83 Cal.App. 18, 22 [256 P. 298]); $200 is in excess of what can constitute nominal damages (*Price* v. *McComish* (1937) 22 Cal.App.2d 92, 99-100 [70 P.2d 978]); $1,500 cannot constitute nominal damages (*Bettolo* v. *Safeway Stores, Inc.* (1936) 11 Cal.App.2d 430, 432-433 [54 P.2d 24]); $100 or $200 constitutes a substantial recovery of compensatory damages which precludes it from being described as an award of nominal damages (14 Cal.Jur.2d, Damages, § 6, p. 636).

The rule rests upon the elemental concept that an award of damages, as in other findings, must rest upon substantial legal evidence; to award other than a token or trifling sum in the absence of such evidence is a judgment not supported by the evidence. Moreover, to permit the award of significant damages in the absence of such evidence would authorize capricious damage awards and the proliferation of litigation for small, technical legal wrongs where no actual damages are suffered.

Respondents rely upon *State of California* v. *Hansen* (1961) 189 Cal. App.2d 604 [11 Cal.Rptr. 335]. In that case the defendant had trespassed upon plaintiff's land and taken water from a spring. The court awarded $100 damages to plaintiff. On appeal the court said, at page 612: "The proof sustains the $100 award on the basis of nominal [citations], actual [citations], or punitive damages. [Citation.]" Since the proof sustained an award of actual or punitive damages, the statement regarding nominal damages is dictum. If it be regarded as a holding in the case, the statement is inconsistent with the well established law of this state and we decline to follow it.

The other authorities cited and relied upon by respondent are all cases dealing with actual damages and are inapposite to the case at bench.

The judgment is modified by striking therefrom the award of $501 as nominal damages and substituting therefor the sum of $1.00 as nominal damages, and as so modified the judgment is affirmed.

Gargano, Acting P. J., and Franson, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.