Filed 7/16/13  Adams v. Kaplan CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MICHAEL ADAMS et al., <br><br>    Plaintiffs and Respondents, <br><br> v. <br><br> MORRIS KAPLAN, <br><br>    Defendant and Appellant. | A136602 <br><br> (Mendocino County <br> Super. Ct. No. <br> SCUK-CVPT-11-57534) |

This appeal arises from an occupancy dispute over a cabin in Mendocino County owned by appellant Morris Kaplan.[1]  The trial court found that occupancy of the cabin by Michael Adams and Katherine Sontag (collectively Plaintiffs) constituted a tenancy at will and that Kaplan failed to provide Plaintiffs a 30-day notice of his intent to terminate the tenancy as required by Civil Code section 789.  The trial court awarded "nominal" damages in the amount of $250 and the costs of suit in an amount subject to proof.  Kaplan, appearing in propria persona, contends that an award of damages in any amount was error because, inter alia, the occupancy was not a tenancy at will and Plaintiffs had acted with unclean hands.  We find that Kaplan has forfeited any argument that the trial

---

[1] At trial, appellant testified that his full name is "The Honorable, formerly Venerable, Dr. Professor Ping-Pong also known as Morris Kaplan," that he is a "Doctor of Oriental Medicine," and professor of "The University of Earth."  The trial court references appellant in her statement of decision as "PPP." Because his trial attorney represented that "Professor Ping Pong" is an assumed name, we shall refer to appellant by what appears to be his legal last name.

court's findings are unsupported by substantial evidence, and that the trial court did not err in rejecting Kaplan's equitable defense, but we conclude that $250 is in excess of the amount that can legally constitute nominal damages. We will modify the judgment accordingly, but otherwise affirm.

## I.    BACKGROUND[2]

Kaplan claimed in his trial brief that Plaintiffs worked on various organic farms and gardens in Northern California during the summer of 2010, and the parties met at a farmer's market in Willits sometime in August of that year. Kaplan agreed that Plaintiffs could reside in a small 10' x 10' "cabin" on his property in exchange for "work[] together on a gardening project that would be mutually beneficial, [and] the residence was part of that project." The cabin was not winterized, lacked indoor plumbing, and had only a wood stove for heating and cooking. Kaplan lived in a building located on a separate adjacent parcel, but both the cabin and Kaplan's home were accessed by a single gated driveway. Kaplan maintained that Plaintiffs were away from the property more than half of the time and that he made minimal work demands on them.

Conflicts regarding Plaintiffs' occupancy of the cabin began sometime in October 2010, with disagreements about noise associated with Plaintiffs' return to the property at late hours and their use of Kaplan's bicycles and internet service. On or about December 19, after confrontations about internet access, Kaplan had a letter delivered to Sontag stating, "I want [Adams] and his truck and camper out of here ASAP today or at the latest tomorrow by sunset." Plaintiffs did not immediately vacate the premises. Tensions escalated with confrontations over ingress/egress from the property and use of laundry facilities, culminating with Kaplan's admitted decision to "engage in self help" and call a building code enforcement officer to "tag" the cabin as unfit for human

---

[2] Plaintiffs did not file a respondents' brief; therefore, this appeal is decided solely on the limited record designated by Kaplan, his opening brief and oral argument. (Cal. Rules of Court, rules 8.200(a)(2), 8.220(a)(2); see *Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203 ["we do not treat the failure to file a respondent's brief as a 'default' (i.e., an admission of error) but independently examine the record and reverse only if prejudicial error is found"].)

habitation on December 30, 2010. Kaplan claimed that he subsequently notified Plaintiffs that they could no longer inhabit the building and that they could collect their belongings on January 4, 2011. Plaintiffs sought a temporary restraining order and commenced the present litigation seeking damages and attorney fees for Kaplan's alleged violations of landlord-tenant law (e.g., Civil Code, §§ 789.3, 1940.2, 1942.4).[3]

A three-day bench trial was conducted on October 17 and November 7–8, 2011, and the court issued its tentative decision on December 28.[4] In January 2012, the parties made timely requests for a statement of decision on four issues. Three issues were submitted by Plaintiffs. First, in regard to one or more incidents where Kaplan changed the lock on the driveway gate, the court found no credible evidence that Kaplan had acted with an intent to terminate Plaintiffs' occupancy in violation of Civil Code section 789.3, subdivision (b)(1). Second, the court found that Kaplan had not violated habitability requirements of Civil Code section 1941 because the evidence demonstrated that Plaintiffs were clearly aware of the cabin's inadequacies prior to moving in and had agreed that their work in lieu of rent included repairs or renovations to the cabin. Finally, the court recited evidence supporting an inference that on December 21–22, 2010, Adams parked his vehicle in a position which he knew or should have known would block Kaplan's habitual route for ingress and egress from his property. Accordingly, the court found that Adams intentionally sought to provoke a confrontation with Kaplan and had interfered with Kaplan's quiet enjoyment of his property.

Kaplan requested a statement of decision regarding only whether the nominal damages award was proper. Specifically, the trial court related Kaplan's request as follows: "Whether nominal damages can be awarded based on the service of the notice

---

[3] The register of actions indicates that, along with a motion for a temporary restraining order against Kaplan for "harassment," Plaintiffs filed a complaint on January 6, 2011. An amended complaint was filed on February 4, 2011. No trial pleadings other Kaplan's October 17, 2011 trial brief were included in the record on appeal. The nature of Plaintiffs' causes of action can only be surmised from the court's statement of decision and Kaplan's trial brief.

[4] The tentative statement of decision was not included in the record on appeal.

3

to terminate tenancy [sic]."[5] (Brackets in original.) On this issue, the statement of decision provided in relevant part:

"a) Factual basis for decision:

"Plaintiffs contended they suffered thousands of dollars in damages as a result of [Kaplan] requesting that Adams vacate the property in December, 2010 upon 24 hours notice. The court analyzed Plaintiffs' damage claims and concluded that Plaintiffs had not established a legal or factual basis for most of the damages they claimed. [¶] However, the court also found that [Kaplan] breached his statutory duty to provide each Plaintiff 30 days notice of his intent to terminate Plaintiff's tenancy at will. [Kaplan] did not provide Adams 30 days notice. Instead, on or about December 19, 2010, [Kaplan] demanded that Adams leave 'ASAP. Today or at the latest tomorrow by sunset.' [Citation.]

"b) Legal basis for decision:

"Civil Code 789 requires a landowner to give a tenant at will at least 30 days notice of his intent to terminate the tenancy at will.[6] The remedy for breach of a statutory duty is typically an award of compensatory damages [citation]. As the court found that Plaintiffs did not prove entitlement to actual damages by a preponderance of the evidence, an award of nominal damages for Defendant's breach of this statutory duty appeared to be the appropriate legal remedy."

No motions to correct deficiencies in the statement of decision were filed prior to the court's April 2012 entry of judgment wherein it denied Plaintiffs' complaint for attorney fees and "actual, compensatory, punitive, and statutory damages." The judgment further ordered that "Plaintiffs are awarded nominal damages of $250 based on

_____

[5] Kaplan's January 6, 2011 request for a statement of decision is not in the appellate record.

[6] Civil Code section 789 provides: "A tenancy or other estate at will, *however created,* may be terminated by the landlord's giving notice in writing to the tenant, in the manner prescribed by Section 1162 of the Code of Civil Procedure, to remove from the premises within a period of not less than 30 days, to be specified in the notice." (Italics added.)

4

landlord [Kaplan's] failure to provide 30 days notice of his intent to terminate Plaintiffs' tenancy at will on his property" and awarded Plaintiffs the costs of suit in an amount subject to proof. Kaplan's timely notice of appeal followed.[7]

## II.    DISCUSSION

An appealed judgment or order is presumed to be correct and a reviewing court does not reweigh the trial evidence. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*); *Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631 ["[w]e must accept as true all evidence and all reasonable inferences from the evidence tending to establish the correctness of the trial court's findings and decision, resolving every conflict in favor of the judgment"].) The appellant has the burden of demonstrating error on the part of the trial court. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) An appellant's burden to affirmatively demonstrate prejudicial error is not diminished by a respondent's failure to file a brief. (Cal. Rules of Court, rule 8.220(a)(2); *Kennedy v. Eldridge, supra,* 201 Cal.App.4th at p. 1203.)

Kaplan's opening brief demonstrates a multitude of defects, the most glaring of which are minimal citation to the record below, citing to documents not in the appellate record, and his statement of only facts and inferences most favorable to him. "An appellant asserting lack of substantial evidence must fairly state all the evidence, not just the evidence favorable to the appellant. [Citation.]" (*Chicago Title Ins. Co. v. AMZ Ins.*

---

[7] Respondents filed no brief, but appeared at oral argument to contend that the notice of appeal was untimely. Timely filing is essential to an appellate court's power to entertain an appeal. (*Van Beurden Ins. Services. Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.) An appeal normally must be filed on or before the earliest of: (1) 60 days after the superior court clerk serves the party filing the notice of appeal with a document entitled "Notice of Entry" of judgment or a file-stamped copy of the judgment, showing the date either was served; (2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled "Notice of Entry" of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or (3) 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1).) The judgment here was entered on April 10, 2012. The register of actions indicates that no notice of entry of judgment was filed until September 14, 2012. The notice of appeal was filed on September 7, 2012, within 180 days after entry of judgment, and is therefore timely.

*Services, Inc.* (2010) 188 Cal.App.4th 401, 415.) Further, "[i]t is incumbent upon the parties to an appeal to cite the particular portion of the record supporting each assertion made. It should be apparent that a reviewing court has no duty to search through the record to find evidence in support of a party's position." (*Williams v. Williams* (1971) 14 Cal.App.3d 560, 565.) Kaplan is not exempt from the rules because he is representing himself on appeal in propria persona. " '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) Kaplan has forfeited his substantial evidence arguments by presenting a deficient opening brief. (*Id.* at p. 1247 [deficiencies in pro. per. appellant's opening brief resulted in waiver of issues on appeal].) We therefore do not address the trial court's decision on the nature of the tenancy.

A.    *Unclean Hands*

Kaplan argues that "the tenancy issue . . . is moot in face of the proof provided that [P]laintiffs' have unclean hands," and so "no award no matter how nominal is appropriate!" He relies on conflicting testimony regarding the December 21–22, 2010 incident in which Adams blocked Kaplan's egress from his property as conclusive evidence that Plaintiffs "perjured themselves in a not so well planned effort to defraud [him] and that they therefore cannot be rewarded for their criminal conduct." Thus, Kaplan posits that the trial court's "ruling in this case is not based upon the evidence but upon some hidden agenda" (i.e., the nominal damage award only can be the result of judicial bias). As with the nature of the tenancy, Kaplan has likewise forfeited any substantial evidence argument on this issue. (*Nwosu v. Uba, supra,* 122 Cal.App.4th at p. 1247.)

In any event, unclean hands is an equitable doctrine that may provide a complete defense where the trial court, in its sound discretion, finds that a plaintiff is "tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." (*Precision Co. v. Automotive Co.* (1945) 324 U.S. 806, 814–815; see also *Granberry v. Islay Investments* (1995)

6

9 Cal.4th 738, 750 [indicating availability of unclean hands defense in landlord-tenant context].)  We do not disturb a discretionary trial court ruling absent a showing of " ' "a clear case of abuse" ' " and " ' "a miscarriage of justice." ' " (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331; *Denham, supra,* 2 Cal.3d at p. 566.)

The trial court presided over three days of trial and the statement of decision reflects that the court explicitly and carefully considered witness credibility in rejecting most of Plaintiffs' claims.  (*Stephens v. Baker & Baker Roofing Co.* (1955) 130 Cal.App.2d 765, 774 ["we must presume the regularity of the trial court's actions, in the absence of evidence to the contrary"].)  As noted *ante*, we do not retry a case. (*Howard v. Owens Corning, supra,* 72 Cal.App.4th at p. 631.)  It is the exclusive province of the trial judge to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.  (*Fuentes v. AutoZone, Inc.* (2011) 200 Cal.App.4th 1221, 1233.)  On this record, we cannot say the court abused its discretion in its implicit rejection of an unclean hands defense in awarding nominal damages to Plaintiffs.

B.    *Nominal Damage Award*

The April 10, 2012 judgment orders that "Plaintiffs are awarded nominal damages of $250 based on [Kaplan's] failure to provide 30 days notice of his intent to terminate Plaintiffs' tenancy at will on his property."  The statement of decision elaborated that nominal damages for Kaplan's breach of the statutory duty appeared to be the appropriate legal remedy because "Plaintiffs did not prove entitlement to actual damages by a preponderance of the evidence."[8]  "Because the trial court expressly found the damages awarded were *nominal*, as distinguished from actual or punitive, our inquiry is thereby restricted to determining if [the amount awarded] is in excess of the amount that may be

---

[8] "Nominal damages are properly awarded in two circumstances:  (1) Where there is no loss or injury to be compensated but where the law still recognizes a technical invasion of a plaintiff's rights or a breach of a defendant's duty; and (2) although there have been, real, actual injury and damages suffered by a plaintiff, the extent of plaintiff's injury and damages cannot be determined from the evidence presented.  (Civ. Code, § 3360 . . . .)"  (*Avina v. Spurlock* (1972) 28 Cal.App.3d 1086, 1088.)

legally awarded as nominal damages." (*Avina v. Spurlock, supra,* 28 Cal.App.3d at p. 1088, italics added.)

In the ordinary case, " 'nominal damages . . . mean[s] some trifling sum, as a penny, one cent, six cents, etc. [Citation.]' " (*Avina v. Spurlock, supra,* 28 Cal.App.3d at p. 1089 [citing an "unbroken line of cases hold[ing] that nominal damages are limited to an amount of a few cents or a dollar"]; *Broads v. Mead and Cook* (1911) 159 Cal. 765, 769 [although plaintiff may be entitled to costs of suit, "[o]ne dollar is the amount usually adjudged where only nominal damages are allowed"].) "The rule rests upon the elemental concept that an award of damages, as in other findings, must rest upon substantial legal evidence; to award other than a token or trifling sum in the absence of such evidence is a judgment not supported by the evidence. Moreover, to permit the award of significant damages in the absence of such evidence would authorize capricious damage awards and the proliferation of litigation for small, technical legal wrongs where no actual damages are suffered." (*Avina v. Spurlock,* at p. 1089.) Deviation from this rule appears warranted only in cases where actual damages are not amenable to proof. (See, e.g., *Ericson v. Playgirl, Inc.* (1977) 73 Cal.App.3d 850, 859 [using the minimum statutory damage amount provided by an analogous statute where that "statute's obvious purpose was to specify an amount for nominal damages in situations where actual damages are impossible to assess"].)

Here, the trial court clearly considered evidence from Plaintiffs that "they suffered thousands of dollars in damages," but found that they "had not established a legal or factual basis for most of the damages they claimed" and "did not prove entitlement to actual damages by a preponderance of the evidence." There was no indication that the damages in this case were not *amenable* to proof, but rather that there was a *failure* of proof. Thus, we find the award of $250 as nominal damages is not supported by the evidence. (*Avina v. Spurlock, supra,* 28 Cal.App.3d at p. 1088 [a court can award no more than a trivial amount when proof of actual or punitive damages fails].)

### III.    DISPOSITION

The April 10, 2012 judgment is modified by striking the award of $250 as nominal damages and substituting therefor the sum of $1.00 as nominal damages and, as so modified, the judgment is affirmed.  Because of Kaplan's disregard of the Rules of Court, and the numerous patent defects in his brief, we decline to award costs on appeal.

_____

Bruiniers, J.

We concur:

_____

Jones, P. J.

_____

Needham, J.